Lee Alexander SMITH, et al.,
Appellants,

v.

The STATE of Texas, et al., Appellees.

No. 08–85–00277–CV.

Court of Appeals of Texas,
El Paso.

Sept. 10, 1986.

Rehearing Denied Oct. 8, 1986.

Russell H. McMains, Edwards, McMains, Constant & Terry, Corpus Christi, for appellants.

Delmar L. Cain, Asst. Atty. Gen., Austin, for appellees.

Before STEPHEN F. PRESLAR, C.J., Retired, OSBORN, C.J., and SCHULTE, J.

## OPINION

OSBORN, Chief Justice.

This is an appeal which involves the effect of special issue findings in a Texas Tort Claim Act case involving the slick surface of a highway which resulted in the collision of two trucks and the death of both drivers. Based upon jury findings, the trial court entered judgment for the State of Texas. We affirm.

In June, 1975, the State Highway Department resurfaced a part of Highway 290 in Crockett County. After the work was completed, the highway became extra slick when it was wet. The highway department was aware of the problem and placed warn-ing signs with flasher signals and stating "slippery when wet" at each end of a 2,900 foot strip of the highway.

On July 16, 1975, two trucks approached each other on the wet resurfaced section of the highway. A Cartwright Van Lines truck driven by Harold Durbin apparently started sliding and jackknifed across the center stripe into the lane of the truck driven by Larry A. Smith. The resulting collision caused the death of both drivers and injuries to each of their sons, who were passengers with their fathers. Mr. Smith's wife, mother and son filed suit against the Estate of Harold Durbin and the owner and operator of the truck which he drove and against the Texas Highway Department. That suit was settled with all parties except the State. Mr. Durbin's beneficiaries also sued the State, and the two cases were tried together with the State as the only defendant. The jury found: (1) there was a dangerous condition on the roadway, (2) the State knew of the dangerous condition, (3) it was negligent in not correcting the condition, (4) such negligence was the proximate cause of the occurrence, and (5) failed to find that the State failed to give an adequate warning of the dangerous condition, (8) (10) (12) failed to find particular acts of improper driving on the part of Harold Durbin and in answer to other issues found the damages resulting from the death of Harold Durbin and for injuries sustained by his son Mark Durbin, and damages resulting from the death of Larry Smith and for injuries sustained by his son Lee Smith. The trial court entered a take nothing judgment as to all plaintiffs.

By three points of error, the "Smith Plaintiffs" assert the trial court erred in entering a take nothing judgment based upon the jury verdict. This basic dispute revolves around the duty owed by the State and the effect of the jury's answer to Question 5. That issue and answer is as follows:

QUESTION 5

Did the State fail to give an adequate warning of the dangerous condition?

Answer "Yes" or "No".

ANSWER: <u>No</u>     Unanimous

■ In a "premise defect" case such as this, the duty of the State is the equivalent of that owed by a licensor to a licensee. Article 6252–19, sec. 18(b), Tex.Rev.Civ. Stat.Ann., now Section 101.022, Tex.Civ. Prac. & Rem.Code.

In *State v. Tennison,* 509 S.W.2d 560 (Tex.1974), Justice Denton writing for the court in a Texas Tort Claims Act case said:

It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence. [cases cited] An exception to the general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe.

The Court restated that rule in affirming a summary judgment for a governmental agency in *Lower Neches Valley Authority v. Murphy,* 536 S.W.2d 561 (Tex.1976).

In 1979, this Court in an opinion by Chief Justice Preslar held that in a regular defect case, when the licensor has actual knowledge of a dangerous condition and the licensee does not, "a duty is owed on the part of the licensor to *either* warn the licensee or to make the condition reasonably safe." *Miranda v. State,* 591 S.W.2d 568 (Tex.Civ.App.—El Paso 1979, no writ) (emphasis added). The following year, in *State v. McBride,* 601 S.W.2d 552 (Tex.Civ. App.—Waco 1980, writ ref'd n.r.e.), Justice James, citing all of the above authorities, said that in a regular premise defect case, when the licensor has knowledge of a dangerous condition and the licensee does not, "a duty is owed on the part of the licensor to *either* warn the licensee or to make the condition reasonably safe" (emphasis added). Again citing the *Murphy* and *Tennison* cases, Justice Paul Pressler in *Prairie View A & M University v. Thomas,* 684

S.W.2d 169 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), held that the licensor's duty is to warn the licensee *or* make the condition reasonably safe where it has knowledge of the dangerous condition and the licensee has no such knowledge.

■ In this case, there was no contention that the State's conduct was willful, wanton or constituted gross negligence. Instead, the Plaintiffs sought to recover under the exception to the general rule. There is no dispute but that the State had knowledge of the dangerous condition. The two truck drivers did not know of the condition until they saw the warning signs. Under the exception, the State, as a licensor, would be liable to those injured by the dangerous condition which it had created unless it *either* warned of the condition or made the condition reasonably safe. The duty was not to do both. No one would contend that it was required to warn of a condition which had been repaired. Since there would be a breach of duty only if it did neither, the burden was on the plaintiffs to show *both* that the State failed to make the condition reasonably safe and that it failed to warn of the dangerous condition.

■ In this case, it was undisputed that the State did not make the condition reasonably safe until after this accident. It was also undisputed that the State placed warning signs in the area in compliance with the Manual for Uniform Traffic Control Devices for Streets and Highways. Based upon that evidence, the jury quite properly refused to find a failure to warn. Without such a finding, there was no showing of a breach of duty and there could be no finding of a warning. It is only a failure to find that a warning was not given. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966). But, the issue that was submitted in that question was not to show a duty had been discharged, but to show, upon an affirmative finding, a breach of duty. The Plaintiffs failed to

obtain the sought after affirmative finding and therefore did not obtain the necessary finding to show a breach of duty which could form the basis for a recovery of damages. The negative finding means, in law, that the Plaintiffs failed to carry their burden in seeking to establish their cause of action. *Griffin v. Eakin*, 656 S.W.2d 187 (Tex.App.—Austin 1983, writ ref'd n.r. e.); *Goodpasture, Inc. v. S & J Farms, Inc.*, 528 S.W.2d 99 (Tex.Civ.App.—El Paso 1975, no writ).

The Plaintiffs argue that once they established that the State knew of the dangerous condition, they were in the same position as an invitee. They rely upon *State v. McBride, supra.* It must be noted that recovery in that case was based upon jury findings that the State, which created and knew of a dangerous condition, (1) failed to warn of the existence of the dangerous condition prior to the accident, (2) that such failure was negligence, (3) and that such negligence was a proximate cause of the accident. Similar issues were submitted in the case at bar. But after the negative answer to Question 5, the conditionally submitted issues on negligence and proximate cause were never answered. The answer to the critical issue on warning is just the opposite in this case from that in *McBride*, and so the results quite naturally are also opposite.

The argument is also made that under the holdings in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978) and *Shell Oil Company v. Waxler*, 652 S.W.2d 454 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), "warning" is no longer an issue in a case except as it may relate to an issue of contributory negligence. First, those cases involve the duty to an invitor. This is not an invitor-invitee case. We may not apply those rules any more than we can apply rules applicable to a trespasser. Second, in every case decided by the Texas Supreme Court involving a licensor-licensee, the Court has recognized a rule and applied a duty different from those applicable to an invitee. *State v. Tennison, supra; Lower Neches Valley Authority v. Murphy, supra.* To hold otherwise would

be to do the very thing Justice Reavley warned against in his concurring opinion in the *Tennison* case. We cannot and we should not modify the duty owed to a licensee and expand the State's liability beyond the limits established by the legislature. *Marshbank v. Austin Bridge Company*, 669 S.W.2d 129 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

In *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605 (Tex.1985), we were again reminded:

"Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain."

In this case, the clear language of the original statute, and as it has been recently codified, states: "[T]he governmental unit owes to the claimant only the duty that a private person owes to a *licensee* * * *" (emphasis added). "To apply duties applicable to an invitee in the claimant only the duty that a private person owes to a *licensee* * * *" (emphasis added). To apply duties applicable to an invitee in face of this statute would be a failure to take the statute as we find it. The will of the makers of the law is clear and to apply an invitee duty would not only be a forced or strained interpretation, it would be the enactment of legislation never intended by those charged with that responsibility.

Points of Error Nos. One, Two and Three are overruled. The judgment of the trial court is affirmed.

STEPHEN F. PRESLAR, C.J., Retired, not sitting.