The STATE of Texas, Petitioner,

v.

Terry WILLIAMS, Respondent.

No. 95–1176.

Supreme Court of Texas.

Oct. 18, 1996.

Rehearing Denied March 13, 1997.

Mark Heidenheimer, Austin, for Petitioner.

Terry W. Wood, Michael W. Lockhart, Beaumont, for Respondent.

PER CURIAM.

Terry Williams sued the State of Texas alleging that he was injured when the truck he was driving ran over a sign lying face-down in the roadway, causing the right front tire to blow out and Williams to lose control. The district court rendered judgment on a verdict favoring Williams, and the court of appeals affirmed. 932 S.W.2d 546.

The district court instructed the jury as follows:

With respect to the condition of the roadway, the State Department of Highways and Public Transportation was negligent if:

a. The obstruction caused an unreasonable risk of harm, and

b. The State Department of Highways and Public Transportation knew, or should have known, of the obstruction, and

c. The State Department of Highways and Public Transportation failed to adequately warn Terry Williams of the condition or to make the condition reasonably safe, and

d. Terry Williams did not have knowledge of the condition.

The State complains that paragraph (c) allowed the jury to find negligence if the State *either* failed to warn Williams *or* failed to make the condition reasonably safe. That is, the jury could have found the State negligent for failing to adequately warn Williams of a condition it had made reasonably safe, or of failing to make reasonably safe a condition of which it adequately warned Williams. The State argues that it had a duty to warn or make safe, but not both. In other words, the State argues that it was not negligent unless it *neither* adequately warned Williams *nor* made the condition reasonably safe. Stated differently still, the State argues that it was not negligent unless it *both* failed to adequately warn Williams *and* failed to make the condition reasonably safe.

We agree with the State. *State Department of Highways & Public Transportation v. Payne*, 838 S.W.2d 235, 237 (Tex.1992); *see Smith v. State*, 716 S.W.2d 177, 179 (Tex. App.—El Paso 1986, writ ref'd n.r.e.). The court of appeals also agreed with the State on the law, but concluded that the district court's instruction was correct. 932 S.W.2d at 551. The court of appeals does not appear to have appreciated the significance of the disjunctive in the instruction.

The district court's instruction tracks the *Texas Pattern Jury Charges* recommendation in premises liability cases when plaintiff is a licensee. 3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 66.05 (1994). In *State Department of Highways & Public Transportation v. Payne*, 838 S.W.2d 235, 237 (Tex.1992), we held that to establish the liability of a premises owner, a plaintiff must prove that "the owner failed to exercise ordinary care to protect the [licensee or invitee] from danger". The owner can provide the required protection by either warning the plaintiff or making the premises reasonably safe. This statement of the duty eliminates the confusion caused by PJC 66.05. Thus, the proper instruction in a premises liability case when the plaintiff is a licensee is:

With respect to the condition of the premises, defendant was negligent if—

a. the condition posed an unreasonable risk of harm;

b. defendant had actual knowledge of the danger;

c. plaintiff did not have actual knowledge of the danger; and

d. defendant failed to exercise ordinary care to protect plaintiff from danger, by both failing to adequately warn plaintiff of the condition and failing to make that condition reasonably safe.

If plaintiff is an invitee, paragraph (b) should state, "defendant knew or reasonably should

have known of the danger", and (c) should be omitted.

The district court's instruction to the jury was error, but it was not harmful error. The State vigorously contested whether there was a sign in the road at all, but it did not dispute that if there was, it did nothing to warn Williams or make the condition reasonably safe. This element of liability was simply not in dispute. Therefore, error in instructing the jury could not have caused rendition of an improper judgment necessary for reversal. TEX.R.APP. P. 81.

The State also argues that the sign was not a special defect, and that the district court erred in giving the jury a so-called "dynamite charge". *See Stevens v. Travelers Ins. Co.,* 563 S.W.2d 223, 228 (Tex.1978); *Allen v. United States,* 164 U.S. 492, 501–502, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896). Both these arguments lack merit for the reasons expressed by the court of appeals.

Accordingly, the State's application for writ of error is denied. To the extent the court of appeals' opinion conflicts with this opinion, it is disapproved.