TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00250-CV






Kenneth Brewer, Appellant




v.




Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 14,489, HONORABLE D. V. HAMMOND, JUDGE PRESIDING





 The district court rendered judgment, on the jury's verdict, terminating the parental
relationship between Kenneth and Norma Jean Brewer and their two children. Only Kenneth Brewer
("Brewer" hereafter) appeals. We will modify the judgment and affirm it as modified.


THE CONTROVERSY


 The case against Brewer proceeded to trial on the Department's allegation that he failed
to support the two children, in accordance with his ability, for a period of one year ending within six months
of the date the Department filed its petition. See Tex. Fam. Code Ann. § 161.001(1)(F) (West 1996). 
After the close of the evidence, the trial judge permitted the Department to amend its petition, over
Brewer's objection, to add an allegation that Brewer engaged in conduct or knowingly placed the children
with persons who engaged in conduct that endangered the children's physical and emotional well-being. 
Id. § 161.001(1)(E). The trial judge thereafter charged the jury as follows: 


To determine that the parent-child relationship should be terminated, you must find by clear
and convincing evidence that the parents, Kenneth Brewer and/or Norma Jean Brewer,
has done or failed to do one of the following:


1. Failed to support the child in accordance with his/her ability during a period of one
year ending within six months of the date of the filing of the petition;

 

2. Knowingly placed or knowingly allowed the children to remain in conditions or
surroundings that endanger the physical or emotional well-being of the children;

 

3. Been adjudicated to be criminally responsible for the serious injury of a child.

 

4. Engaged in conduct or knowingly placed the child with persons who engaged in
conduct which endangers the physical or emotional well-being of the children.



(Emphasis added.) Brewer objected to the charge on the ground that there was no evidence to support
instructions three and four as they applied to him. The Department stipulated that instruction three did not
apply to Brewer. The charge was never amended, however, to reflect that stipulation.

 The charge also instructed the jury regarding "clear and convincing evidence" and the
factors necessary to be considered in deciding whether termination of the parent-child relationship was in
the children's "best interests," as those factors are enumerated in Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976). The jury returned a verdict that Brewer's parental relationship with each of his two
children "should . . . be terminated." The trial judge rendered judgment accordingly.


DISCUSSION AND HOLDINGS


 In point of error one, Brewer complains of the judgment below insofar as it terminates his
parental relationship with the older of the two children. This child was emancipated by marriage pending
appeal. The parties agree the controversy is moot with respect to that child. We sustain the point of error
and will modify the judgment accordingly. The remainder of our opinion refers to the younger child only.

 In point of error two, Brewer complains the trial judge erred in permitting the Department's
trial amendment because it allowed evidence of Norma Jean Brewer's misconduct to be imputed to him
in the jury's deciding whether his parental relationship should be terminated. In point of error three, Brewer
complains the error was carried forward to the charge wherein the ambiguous term "and/or" authorized the
jury to terminate Brewer's parental relationship based upon evidence of Norma Jean Brewer's misconduct. 
We will discuss together points of error two and three.

 We agree the trial judge erred in instructing the jury that in determining whether "the parent-child relationship should be terminated, [they] must find by clear and convincing evidence that the parents,
Kenneth Brewer and/or Norma Jean Brewer, has done or has failed to do one of the following: . . . ."
(Emphasis added.) This term "and/or" allowed the jury to terminate Kenneth Brewer's parental
relationship if they concluded by clear and convincing evidence that Norma Jean Brewer's conduct was
deficient regarding one or more of the acts and omissions listed in the charge. As Brewer contends, it was
possible that the jury concluded his parental relationship should be terminated based on Norma Jean
Brewer's conduct, even though the jury may not have believed he was deficient regarding any of the four
acts and omissions listed. His parental relationship could not lawfully be terminated, of course, unless it was
established that his conduct was deficient, irrespective of where the child's best interest lay. See Tex. Fam.
Code Ann. § 161.001(2) (West 1996); Holley, 544 S.W.2d at 370.

 We may not reverse the judgment, however, unless the error "amounted to such a denial
of [Brewer's rights] as was reasonably calculated to cause and probably did cause rendition of an improper
judgment in the case, or was such as probably prevented [Brewer] from making a proper presentation of
the case to the appellate court." Tex. R. App. P. 81(b)(1). We do not see how the error prevented
Brewer's making a proper presentation of the case on appeal. Nor do we believe the error was reasonably
calculated to cause and probably did cause rendition of an improper judgment because it was undisputed
in the evidence that Brewer failed to support his children in accordance with his ability during the year
ending within six months of the date the Department filed its petition--a pleaded ground of misconduct that
would justify termination. See State v. Williams, 940 S.W.2d 583, 584-85 (Tex. 1996) (instructing jury
in disjunctive, rather than conjunctive, regarding grounds of liability, harmless error when one ground
undisputed).

 The record shows without dispute that the children were taken into custody June 1, 1992,
that Brewer had $50 left over each month after paying his expenses, and that the Department filed its
original petition June 2, 1992, and its amended petition (on which the case was tried) February 7, 1995. 
Concerning Brewer's support of the children, he declares as follows in his brief to this court:


While it is undeniable that Mr. Brewer failed to pay child support after the children were
taken into custody it is also established that Mr. Brewer felt that he had an excuse for this
because he felt that his children were being wrongfully detained and that to pay child
support would be acquiescing in this wrongful detention of his children.



(Emphasis added.) We believe the foregoing matters render undisputed the issue of whether Brewer failed
to support the children in accordance with his ability during the year ending within six months of the date
the Department filed either of its petitions mentioned above. See Tex. R. App. P. 74(f) (statements in
appellant's brief as to facts or record may be accepted by reviewing court unless challenged by opposing
party); see also Clyde v. Hamilton, 414 S.W.2d 434, 440 (Tex. 1976) (applying rule). Accordingly, we
overrule points of error two and three.

 In point of error four, Brewer contends the evidence is legally and factually insufficient to
support the jury's finding that termination of his parental relationship was in the child's best interest. We
will summarize all the evidence bearing on the issue.

 The child was four years of age at the time of trial and no evidence was adduced directly
showing her desire regarding termination of Brewer's parental relationship. Her special advocate,
appointed by the court, gave in evidence his opinion the child had "bonded" with her foster parents. A
social worker testified that the child referred to the foster parents as "mommy" and "daddy" and appeared
confused when asked about her biological parents. Testimony was given that the foster parents would
likely be good parents. The social worker testified that the child needed stability, patience, nurturing, and
"waking up to the same faces every morning." A psychologist gave in evidence his opinion that Brewer
was unlikely to provide such stable living conditions. Other witnesses gave it as their opinion that removing
the child from the foster parents would cause the child serious emotional trauma. Brewer has a history of
violent and erratic behavior, resulting in his incarceration on several occasions--he was jailed once when
he and his wife fought while the child was present. The psychologist also gave it as his opinion that Brewer
was likely to leave the child with someone who was unable properly to care for her and that Brewer's
conduct in that respect was unlikely to change. Brewer essentially failed to take advantage of programs
and services offered him for the purpose of his becoming a better parent; he refused to execute a service
plan designed by the Department to help him in that regard. He attended parenting classes but his parenting
skills did not improve. The evidence is not clear on whether he completed an adult literacy program in
which he enrolled. He testified he intended to move the child to Arkansas where he shares a home with
his mother. Before commencing the termination proceeding, the Department asked Arkansas authorities
to investigate the home. They concluded Brewer and his mother would probably be able to meet the
child's physical needs, but Brewer's criminal history and want of character references precluded approval
of the home as a permanent residence for the child. The foster parents intend to adopt the child who will
live in their home, which has been approved by the Department for foster care. Several witnesses testified
that in their opinion the foster home was a stable, nurturing, and safe environment for the child.

 Brewer has been arrested for, incarcerated for, and accused of burglary, assault arising
from a domestic dispute, contempt of court for failing to pay child support, and interference with custody. 
Brewer left the child for months at a time with Norma Jean Brewer, knowing she was an alcoholic who
became violent when she drank. Brewer blamed Norma Jean Brewer for the circumstances that threatened
the child and offered no excuses for his participation in causing those circumstances, save for his failure to
pay child support. Concerning that matter, he testified that paying child support would be tantamount to
ransom because his children had been taken from him wrongfully.

 There is in the evidence nothing from which one may reasonably infer that the jury's finding
is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain,
709 S.W. 2d 175, 176 (Tex. 1986). Considering the evidence and inferences therefrom that support the
jury's finding, and rejecting any contrary evidence and inferences, we may not disturb the jury's finding. 
Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987). We overrule the point of error.

 We order the judgment modified to delete therefrom the termination of Brewer's parental
relationship with the older daughter. As modified, we affirm the judgment. See Tex. R. App. P. 80(b), (c).



 John Powers, Justice

Before Justices Powers, Jones and Hill

Modified and, as Modified, Affirmed

Filed: July 24, 1997

Do Not Publish



thin six months of the date
the Department filed either of its petitions mentioned above. See Tex. R. App. P. 74(f) (statements in
appellant's brief as to facts or record may be accepted by reviewing court unless challenged by opposing
party); see also Clyde v. Hamilton, 414 S.W.2d 434, 440 (Tex. 1976) (applying rule). Accordingly, we
overrule points of error two and three.

 In point of error four, Brewer contends the evidence is legally and factually insufficient to
support the jury's finding that termination of his parental relationship was in the child's best interest. We
will summarize all the evidence bearing on the issue.

 The child was four years of age at the time of trial and no evidence was adduced directly
showing her desire regarding termination of Brewer's parental relationship. Her special advocate,
appointed by the court, gave in evidence his opinion the child had "bonded" with her foster parents. A
social worker testified that the child referred to the foster parents as "mommy" and "daddy" and appeared
confused when asked about her biological parents. Testimony was given that the foster parents would
likely be good parents. The social worker testified that the child nee