TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO.03-01-00553-CV






State of Texas, Appellant



v.



Travis Wollesen and Susan Wollesen, Individually and on Behalf of the Estate

of Catherine Wollesen, Deceased, Appellees







FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT

NO. 11,476, HONORABLE TERRY FLENNIKEN, JUDGE PRESIDING






 The State appeals from a judgment based on a jury verdict in a wrongful death suit. 
On appeal, the State contends the trial court erred by giving an improper jury charge and by
overruling its motion for judgment notwithstanding the verdict. We will affirm. 


BACKGROUND


 On April 30, 1999, Catherine Wollesen was driving north on US Highway 77 entering
the City of Giddings. The Texas Department of Transportation ("TxDOT") had been conducting a
seal coat job on a portion of US 77 as part of a maintenance operation that day. Seal coating
involves spreading gravel on top of hot, liquid asphalt to seal cracks in the road. TxDOT had erected
warning signs in advance of the maintenance site. Specifically, there was a "Loose Gravel" sign and
a "No Center Stripe" sign on the approach from the south, which was the direction Wollesen was
traveling. A driver who was following Wollesen saw her car swerve out of control when she hit the
loose gravel at the maintenance site. The same driver estimated that there was between one and two
inches of gravel on the road at the maintenance site. Wollesen's car slid into the path of a south
bound vehicle and was struck. Wollesen was paralyzed in the accident and died several days later
due to spinal injuries she sustained.


DISCUSSION


 In its first issue, the State contends the trial court's jury charge was improper because
its definition of negligence with respect to TxDOT impinges on the State's sovereign immunity for
discretionary actions. Sovereign immunity from suit defeats a trial court's subject matter
jurisdiction. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court
has subject matter jurisdiction is a legal question that we review de novo. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 Sovereign immunity, unless waived, protects the state from lawsuits for damages. 
Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 408 (Tex. 1997). The Texas Tort Claims Act
("Act") provides that the State waives its sovereign immunity for "personal injury and death so
caused by a condition or use of . . . real property if the governmental unit would, were it a private
person, be liable to the claimant . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West
1997). Therefore, where death or injury results from a condition or use of real property, the state is
liable to the degree that an individual would be liable to a claimant in a premises defect case. 
However, the Act has specified two situations where the state retains its immunity. See Tex. Prac.
& Rem. Code Ann. §§ 101.056, 101.060. In addressing these two situations, the supreme court
explained the scope of sovereign immunity in premises liability cases in State v. Rodriguez, 985
S.W.2d 83, 85 (Tex. 1999). It wrote: 


 First, under section 101.056, the State preserves its immunity for an act "if
the law leaves the performance or nonperformance of the act to the discretion of the
governmental unit." Tex. Civ. Prac. & Rem. Code § 101.056(2). Thus, if the State's
action is discretionary, it does not waive its immunity. See State v. Burris, 877
S.W.2d 298, 299 (Tex. 1994).


 Second, under section 101.060, the State does not waive its sovereign
immunity for claims arising from "the failure of a governmental unit initially to place
a traffic or road sign, signal, or warning device if the failure is a result of
discretionary action of the governmental unit." Tex. Civ. Prac. & Rem. Code
§ 101.060(a)(1). Nevertheless, even if sign-placement decisions are discretionary,
the State waives immunity for "the duty to warn of special defects such as
excavations or roadway obstructions." Tex. Civ. Prac. & Rem. Code § 101.060(c). 



Rodriguez, 985 S.W.2d at 85 (emphasis added). Thus, regardless of whether the governmental act
was discretionary, the State waives its immunity for the duty to warn of special defects. Id. 

 Whether a condition is a special defect is a question of law. State Dep't of Highways
v. Payne, 838 S.W.2d 235, 238 (Tex. 1992). Special defects are road conditions of the same type
and class as excavations or obstructions that "unexpectedly and physically impair a car's ability to
travel on the road." Rodriguez, 985 S.W.2d at 85; Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b)
(West 1997). Like an excavation or obstruction, a roadway covered with an excessive amount of
loose gravel is unexpected and difficult to navigate. In this case, as much as two inches of loose
gravel covered the road and the one witness to the accident reported that Wollesen hit the gravel,
tried to slow down, and quickly lost control of her car. Clearly, the presence of the loose gravel
unexpectedly and physically impaired Wollesen's ability to travel on the road. At least one sister
court has held loose gravel to be a special defect. See Texas Dep't of Transp. v. O'Malley, 28
S.W.3d 652, 657 (Tex. App.--Corpus Christi 2000, pet. denied). Additionally, the State does not
challenge the special defect characterization on appeal. For the above reasons, the trial court
properly found that the loose gravel in this case was a special defect.

 Where claims arise because of special defects, the governmental unit owes the
plaintiff the same duty as that owed to an invitee by the owner or possessor of a private premises. 
Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); Payne, 838 S.W.2d at 237. The duty owed to an
invitee, and thus the duty the State owed to Wollesen, requires an owner to use ordinary care to
protect an invitee from a dangerous condition of which the owner is, or reasonably should be, aware. 
Id.

 Where the plaintiff is an invitee, the plaintiff must prove: (1) actual or constructive
knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an
unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce
or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused
the plaintiff's injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99-100 (Tex. 2000); Restatement
(Second) of Torts § 343 (1965). The supreme court translated the first three of these elements into
a jury charge in State v. Williams, 940 S.W.2d 583, 584-85 (Tex. 1996), and the trial court here
tracked the language in that jury charge verbatim. The court in Williams stated that when the
plaintiff is an invitee the proper negligence instruction in a premises liability case is:

 With respect to the condition of the premises, defendant was negligent if:


a. the condition posed an unreasonable risk of harm;


b. defendant knew or reasonably should have known of the danger; and


c. defendant failed to exercise ordinary care to protect plaintiff from danger, by
both failing to adequately warn plaintiff of the condition and failing to make that
condition reasonably safe.



Id. The State objects to the inclusion of the modifier "adequately" in part c of the charge.

 The Williams court reasoned that an owner could fulfill the duty to exercise
reasonable care to reduce or eliminate the risk by either adequately warning the plaintiff of the
condition or making the condition reasonably safe. See id. Thus, removing "adequately" from the
jury charge removes the consideration of reasonableness that is an essential element of the defined
duty. Conversely, the inclusion of "adequately" in the charge enables the jury to consider the
reasonableness of the care exercised by the State in discharging its duty. See CMH Homes, 15
S.W.3d at 99-100; Restatement (Second) of Torts § 343. The jury was properly instructed to consider
the adequacy of the warning signs; therefore, the State's first issue is overruled.

 In its second and third issues, the State asserts the trial court erred in overruling its
motion for judgment notwithstanding the verdict because there was no evidence of the inadequacy
of the Loose Gravel sign or, if there was an inadequacy, there was no evidence that it proximately
caused Wollesen's accident. In reviewing the evidence under a legal sufficiency point of error, we
consider all the evidence in the light most favorable to the prevailing party, indulging every
reasonable inference in that party's favor and disregarding all evidence and inferences to the
contrary. Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285 (Tex. 1998);
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). We will uphold the finding
if there is more than a scintilla of evidence to support the finding. Catalina v. Blasdel, 881 S.W.2d
295, 297 (Tex. 1994). The evidence supporting a finding amounts to more than a scintilla if
reasonable minds could arrive at the finding given the facts proved in the particular case. Burroughs
Wellcome, 907 S.W.2d at 499. 

 We will address the State's third issue first. In its third issue, the State claims there
was no evidence of the inadequacy of the Loose Gravel sign. However, the Wollesens produced
evidence showing the Loose Gravel sign was possibly defective in color, size, and placement,
according to the Texas Manual on Uniform Traffic Control Devices ("manual"). Two witnesses
testified that the Loose Gravel sign was yellow instead of orange, as mandated in the manual. 
Witnesses agreed that the sign measured thirty inches by thirty inches but disputed the classification
of the road and thus, whether a larger sign was called for, according to the manual. Further, there
was testimony that the sign was incorrectly placed in advance of the worksite--either too far in
advance of the worksite or too close. These showings amount to more than a scintilla of evidence
to support the jury finding that the sign was inadequate to warn of the hazard; therefore, we overrule
the State's third issue.

 In its second issue, the State claims that there was no evidence that the inadequacy
of the warning sign, if any, proximately caused Wollesen's accident. Proximate cause incorporates
two elements: foreseeability and cause in fact. Doe v. Boys Clubs of Greater Dallas, 907 S.W.2d
472, 477 (Tex. 1995). The test for foreseeability is whether a person of ordinary intelligence would
have anticipated the danger his or her negligence creates. Id. at 478. As an element of proximate
cause, cause in fact means that the negligent act or omission was a substantial factor in bringing
about the injury and without which no harm would have been incurred. Id. at 477. Proximate cause
may be determined from circumstantial evidence. Brown v. Goldstein, 685 S.W.2d 640, 642 (Tex.
1985).

 Question One of the jury charge inquired, "Did the negligence, if any, of [the State
of Texas] proximately cause the occurrence in question?" There was testimony suggesting there was
too much gravel (as much as one to two inches) left on the road as well as evidence suggesting that
the TxDOT crew did not properly check the site before leaving it for the night. There was evidence
that the Loose Gravel sign was inadequate. Additionally, one eyewitness to the accident who had
been driving behind Wollesen testified that he thought the excessive loose gravel on the road caused
Wollesen to lose control of her car. This eyewitness also stated that he did not see a Loose Gravel
sign on the day of the accident. Thus, the jury could have reasonably concluded that TxDOT was
negligent in its posting of warning signs in advance of the worksite, that TxDOT was negligent in
the amount of gravel it left on the roadway, that these two factors combined to cause Wollesen's
accident and without which Wollesen would not have crashed, and finally, that TxDOT could have
anticipated that its failure to properly warn of the hazard and its failure to sweep the excessive gravel
off the road would cause an accident such as Wollesen's. Considering all the evidence presented at
trial in the light most favorable to the Wollesens, we hold that there is more than a scintilla of
evidence to support the jury's finding that the State's negligence proximately caused Wollesen's
accident. The State's second issue is overruled.

CONCLUSION


 Having overruled all of the State's issues, we affirm the judgment of the trial court.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: December 19, 2002

Publish