In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00087-CV






SUZANNE S. CARPENTER, Appellant


V.


THE KROGER COMPANY AND/OR THE KROGER CO., Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2003-67554






MEMORANDUM OPINION ON REHEARING

 We deny appellee's motion for rehearing. However, we vacate our April 26,
2007 judgment, withdraw our April 26, 2007 opinion, and issue this opinion in its
place. 

 Appellant, Suzanne S. Carpenter, appeals the trial court's decision to grant
defendant's motion for summary judgment in this premises liability case. In one
issue, she challenges the trial court's rendition of summary judgment in favor of
appellee, The Kroger Company (Kroger), and argues that appellee's spoliation of
evidence prevented her from effectively arguing against the motion for summary
judgment. We reverse and remand.

BACKGROUND

 In her original petition, appellant alleged that, on December 14, 2001, she
slipped and fell on a liquid substance on the floor of a Kroger Signature Store and
sustained a broken kneecap and two broken shoulders. Although no store employee
reported witnessing appellant's fall, Matthew Gless and Orlando Cuellar, the store's
two co-managers, arrived on the scene shortly afterward to assist her. Gless took a
sample of the liquid substance on the floor and snapped photographs of the scene. 
Both co-managers filled out a customer-incident report. In January 2002, the
documents, photos and liquid sample were turned over to RSKCo, a third party claims
administrator. Robert Hamilton, a risk manager for Kroger, testified by deposition
that, within 60 days of the incident, he realized that appellant's fall was a serious
incident and could result in a claim. He further testified that, after hearing nothing
from appellant's attorney for several months, the file was closed. RSKCo, however,
retained custody of the file. Sometime after this, RSKCo and Kroger ended their
business relationship, and RSKCo shipped the materials to its storage facility. 

 On December 12, 2003, almost two years after the incident, appellant filed her
claim against Kroger. In January 2004, Kroger recalled the file from RSKCo's
facility, but the file contained only the documents and not the photos or the liquid
sample. According to Hamilton, no one seemed to know where those items were
located.

 Almost two and one-half years after the lawsuit was filed, Kroger moved for
summary judgment on the ground that it had "negated the elements" of appellant's
cause of action and was therefore entitled to judgment as a matter of law. In her
response, appellant raised the issue of spoliation and argued that she was entitled to
go to a jury with a presumption that the lost or destroyed evidence would have been
favorable to her. The trial court granted Kroger's motion, and appellant now appeals. 

DISCUSSION

Standard of Review

 As the moving party under rule 166a(c), Kroger had the burden of showing that
there was no genuine issue of material fact and that it was entitled to judgment as a
matter of law. (1) Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
In deciding whether there is a material fact issue precluding summary judgment, a
reviewing court must take evidence favorable to the non-movant as true, must indulge
every reasonable inference, and must resolve any doubts in her favor. Id. When the
movant is the defendant, summary judgment is proper if the defendant negates at least
one essential element of the plaintiff's claim. Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). Once the movant has established a right to summary
judgment, the non-movant then has the burden to present any issues that would
preclude summary judgment.  See City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). 

Notice

 Appellant contends that the trial court erred in rendering summary judgment
for Kroger because there is a material fact issue regarding whether Kroger had actual
or constructive notice of the dangerous condition--one of the essential elements of
her claim. In order to prevail on her premises liability claim, appellant was required
to show that (1) the liquid substance on the floor posed an unreasonable risk of harm;
(2) Kroger knew of the danger (actual notice) or reasonably should have known of the
danger (constructive notice); and (3) Kroger failed to exercise ordinary care to protect
appellant from the danger, by both failing to adequately warn her of the condition and
failing to make that condition reasonably safe. State v. Williams, 940 S.W.2d 583,
584 (Tex. 1996). Kroger did not deny the existence of the liquid on the floor. 
However, it claimed that it negated the notice element and was therefore entitled to
judgment as a matter of law. 

Kroger's Summary Judgment Evidence

 Kroger's summary judgment evidence consisted of appellant's answers to
interrogatories, Kroger's answers to interrogatories, excerpts from appellant's
deposition, and the affidavits of Gless, Cuellar, store manager Bill Underwood, and
Hamilton. As the movant, Kroger was required to prove conclusively that it did not
have actual or constructive notice of the liquid. Thus, Kroger had the difficult task
of proving a negative.

 Kroger contends that the affidavits of Gless, Cuellar, Underwood, and
Hamilton establish that Kroger had no notice of the liquid. Gless's affidavit stated:

 Prior to [appellant's] alleged fall, I had not seen this alleged
substance and I had no notice that this or any other liquid was on the
floor at the time of the alleged fall. 


 Throughout my working day as manager, I continuously walked
the store and maintained a lookout for hazards and/or liquids or other
foreign substances on the floor. I would estimate that prior to
[appellant's] alleged fall I was in or around the subject areas within
approximately one (1) hour of the alleged fall. At that time, I did not
observe the alleged liquid on the floor, and I feel certain that had it been
there I would have seen it. 


 . . . .


 I am aware of no Kroger associate and/or employee who had
knowledge that the subject liquid/substance was on the floor prior to the
subject fall.


Cuellar's and Underwood's affidavits were substantially similar to Gless's,
containing only a few word changes. Hamilton's affidavit did not address the issue
of notice.

 Gless's, Cuellar's, and Underwood's affidavits are evidence that these three
managers had no notice of the liquid and that they knew of no associate or employee
who did. However, they are not evidence that no other employee knew of the liquid. 
Each of the three affidavits refers to an unnamed employee who was assigned to use
a dust mop continually and to spot mop as needed. There is no statement by this
employee and no indication in the record that the employee was ever interviewed to
determine whether he was aware of the liquid or whether he was the person who
cleaned the floor after the incident. In addition, there was an employee listed as a
witness on the incident reports filed by Gless and Cuellar, but there appears to be no
statement by that employee regarding her knowledge. 

 Reviewing Kroger's evidence in the light most favorable to appellant and
resolving all doubts in her favor, we hold that Kroger has not negated the element of
notice and is, therefore, not entitled to judgment as a matter of law. Accordingly, we
sustain appellant's issue as it relates to the rendition of summary judgment.

CONCLUSION


 Because we have concluded that Kroger did not carry its burden to establish
that it is entitled to judgment as a matter of law, we need not reach appellant's
spoliation argument. We reverse the judgment and remand the case to the trial court
for further proceedings. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

1. In its motion for summary judgment, reply to appellant's response to the motion and
supplemental motion, and appellate brief, Kroger interwove "no evidence" language with its
assertions that it conclusively negated the notice element and was entitled to judgment as a
matter of law. Kroger refers only to rule 166a(b) and (c) in its motion, reply, and brief. 
Kroger clarified, in its reply and supplemental motion that it's motion for summary judgment
was filed as an "evidentiary" motion. Therefore, we review the judgment under rule 166a(c). 
See Tex. R. Civ. P. 166a(c).