# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00323-CV

**Roger Bufler and Sandy Bufler, Appellants**

**v.**

**Apeck Construction, LLC, Appellee**

### FROM THE DISTRICT COURT OF COKE COUNTY, 51ST JUDICIAL DISTRICT
### NO. CV12-04444, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## NO. 03-14-00383-CV

**Roger Bufler and Sandy Bufler, Appellants**

**v.**

**Texas Department of Transportation, Appellee**

### FROM THE DISTRICT COURT OF COKE COUNTY, 51ST JUDICIAL DISTRICT
### NO. CV12-04444, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Roger Bufler and Sandy Bufler, husband and wife, appeal from the judgment of the district court of Coke County in a premises-liability suit. The district court sustained the plea to the jurisdiction filed by appellee Texas Department of Transportation and granted appellee Apeck Construction, L.L.C.'s motion for summary judgment. We will affirm the judgment.

Roger Bufler was injured in the late afternoon of December 18, 2011, when he fell on the sidewalk of the Department's rest stop located on Highway 87 in Coke County. Bufler was walking to the lavatory when he fell. It was drizzling rain and the sidewalk was wet. Bufler slipped and fell when he stepped on a smooth part of the sidewalk wet from the rain. The sidewalk consisted of poured concrete slabs interspersed with prefabricated smooth concrete slabs that contained star-shaped medallions made of gravel.

Bufler filed suit against the Department and Apeck, which was under contract with the Department to provide janitorial services for the rest-stop area.

## Claim against the Department

Bufler maintained that the "varying surfaces" of the sidewalk constituted a premises defect. He claimed that the wet surface of the concrete was not the "main factor" causing him to slip and fall. Bufler cast his case against the Department as one coming within the terms of the Texas Tort Claims Act waiving sovereign immunity for claims involving personal injury caused by a condition or use of real property if the governmental unit would, were it a private person, be liable to the claimant under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 101.021(a). He asserted that the Department owed him the duty that a private person owes a licensee on private property. *See id.* § 101.022(a).

The Department filed a plea to the jurisdiction asserting sovereign immunity. To invoke waiver of the sovereign immunity provisions of the Texas Tort Claims Act, Bufler, as a licensee, had to plead and prove, among other elements, that a condition of the property posed an unreasonable risk of harm to him. *See State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (noting

2

elements of premises-liability claim where plaintiff is licensee). Bufler suggests that the "condition of the varying surfaces [of concrete] created an unreasonably dangerous condition." Bufler claimed that "the wet slick surface of certain portions of the concrete sidewalk posed an unreasonable risk of harm, in part because the use of this type of [smooth] concrete on an outdoor sidewalk step is negligent in and of itself and [is] particularly defective when wet." Bufler, himself a long-time veteran in the construction trade, testified by deposition that "anybody in the construction business should know [that] smooth concrete [used] on an exterior [surface] is a no-no." Cruz Rubio, Bufler's expert witness, opined on deposition that smooth concrete should not be used for outside projects because it can become slick when wet.

The involved sidewalk was constructed, as designed, between 2001 and 2002 as a part of the original building of the rest-stop area. Nothing about the sidewalk has been changed since its inception. The "varying surface" sidewalk is in use in at least one other of the Department's rest stops.

Bufler's complaint concerning the "varying surfaces" of the sidewalk speaks to the design-discretion immunity found in section 101.056 of the Act. By that provision, the State preserves its immunity for an act "if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." *Id.* § 101.056(2). Accordingly, if the State's act is discretionary, it does not waive its immunity. An act is discretionary if it requires the exercise of judgment and the law does not mandate the performance of the act with such precision that nothing is left to discretion or judgment. "Design of any public work, such as a roadway, is a discretionary function involving many policy decisions and the governmental entity responsible may not be sued for such decisions." *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999), (per curiam), *overruled on*

3

*other grounds by Denton Cty. v. Beynon*, 283 S.W.3d 329, 331 n.11 (Tex. 2009); *see Texas Dep't*

*of Transp. v. Perches*, 388 S.W.3d 652, 655 (Tex. 2012) (quoting *Id.*).

Also contrary to Bufler's position, neither does a wet "varying surface" sidewalk

create an unreasonably dangerous premises condition. The Supreme Court in *M.O. Dental Lab*

*v. Rape* considered whether a condition occurring as the result of natural conditions constituted a

premises defect, i.e., a condition posing an "unreasonable" risk of harm:

> To prevail in a premises liability case, an invitee [licensee] must plead and prove, among other elements, that a condition on the premises posed an unreasonable risk of harm to the invitee [licensee]. We held in both *Brownsville Navigation District*[1] and *Johnson County*[2] that ordinary mud or dirt in its natural state can and often does form a condition posing a risk of harm, but not an "unreasonable" risk of harm. We further observed in *Johnson County* that holding a landowner liable for "[t]he natural state of dirt" would cause the landowner to "be an insurer against all injury to a tenant's lessees." Although the court of appeals correctly pointed out that neither *Brownsville Navigation District* nor *Johnson County* specifically involved the accumulation of mud on a man-made surface, we find this distinction immaterial. Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm.

139 S.W.3d 671, 675–76 (Tex. 2004) (footnotes omitted). Rain on a sidewalk can and often

does form a condition posing a risk of harm, but not an "unreasonable" risk of harm. *Id.* at 675. The

holding and reasoning in *M.O. Dental Lab* control the disposition of Bufler's claim.

---

[1] *Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159, 160 (Tex. 1992).

[2] *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 287 (Tex. 1996).

## Claims against Apeck

Bufler also asserted a premises-liability claim against Apeck, shaping his pleading so as to cast himself as an invitee on Apeck's premises (the sidewalk). Although not case-determinative here, the summary-judgment proof, previously recited, demonstrates that Bufler was not an invitee, as claimed, but rather a licensee.[3] Moreover, in his response to Apeck's motion for summary judgment, Bufler admits his status as a licensee.

Apeck contracted with the Department to provide janitorial services to the rest-stop building and to clear litter and trash from the rest-stop grounds. Apeck also had certain contractual responsibility regarding the sidewalks: it was to replace the sidewalk if it were cracked or broken; it was to apply salt to the sidewalk if it were iced; and it was to remove from the sidewalk litter and debris, including chewing gum, oil slicks, and other things that might jeopardize safety. Apeck was not contractually obligated to remove water from the sidewalk while it was raining.

Bufler pleaded, among other things, that the conditions of the smooth, wet concrete sidewalk at the rest stop presented an unreasonable risk of harm.

Apeck filed a traditional motion for summary judgment, *see* Tex. R. Civ. P. 166a(a–b), as well as a no-evidence motion for summary judgment, *see id.* 166a(i), claiming, among other things, that assuming arguendo that it owed a duty to Bufler as a landowner or quasi-landowner, Bufler failed to show that a condition of the property was unreasonably dangerous.

---

[3] A licensee enters land with the express or implied consent of the owner, but does so for his own convenience or on business for someone other than the owner. *Weaver v. KFC Mgmt., Inc.*, 750 S.W.2d 24, 26 (Tex. App.—Dallas 1988, writ denied).

In his brief, Bufler argues that certain portions of the sidewalk posed an unreasonable risk of harm when wet, partly because use of the smooth type of concrete on an outdoor sidewalk was "negligent in and of itself." As we understand, Bufler's primary complaint on appeal is that the subject sidewalk was unreasonably dangerous because of the makeup of the concrete and not so much because of the wet condition of the sidewalk. Bufler's argument overlooks the fact that Apeck was in no way involved in the design or construction of the concrete sidewalk. Also, Apeck contracted its services to the Department many years after the sidewalks were designed and constructed. Accordingly, Apeck has no liability to Bufler stemming from decisions made by others concerning the kind of concrete used in the sidewalks.

We have previously determined that the wet sidewalk here involved was not an unreasonably dangerous condition.

The judgment is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Puryear, Bourland, and Shannon*

Affirmed

Filed:   June 21, 2016

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).