

NUMBER 13-16-00380-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GEOFFREY LUCKER,                                                        Appellant,

v.

TEXAS DEPARTMENT OF
TRANSPORTATION,                                                          Appellee.

### On appeal from the 21st District Court of
### Lee County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Geoffrey Lucker, the surviving husband of Sally Lucker, filed a derivative

premises liability suit against the Texas Department of Transportation ("the Department")

after Sally died during a flood.  The trial court signed a take-nothing judgment in favor of

the Department. Lucker argues in two issues that the trial court erred in submitting two questions to the jury as part of the jury charge. We affirm.

## I. BACKGROUND[1]

On March 20, 2012, the Department received information that water was likely to flood a number of roads in Lee County and dispatched all available employees to respond to the situation. Paul Meinke, an assistant maintenance supervisor for the Department, was in charge of the Department's response. Meinke testified that, beginning in the early morning, he monitored flooding at different areas, including where FM 1624 crosses the Middle Yequa Creek, the location where Sally was swept off. The water flowed under FM 1624 through a box culvert, referred to at trial as a "bridge."

Throughout the day, Meinke put out a number of signs at different locations. One of the signs Meinke placed prior to the accident was a large temporary "Watch For Water On Road" sign, which also displayed two flags; the sign was placed next to a smaller, permanent sign, with the same message, on the approach to the bridge later used by Sally. The temporary sign was four feet by four feet in size, bright orange, and its flags were red-orange in color. The permanent sign was yellow, and three feet by three feet in size.

These signs were located about 2,500 feet from the bridge. As the water rose about 600 feet past the bridge, the signs were about 1,900 feet from the water at the time of the accident. Meinke testified that a car traveling at 60 miles per hour would reach the water in about thirty seconds after passing the two signs. These signs complied with the

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this appeal was transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Chapter 49, 2017 R.S.).

Manual on Uniform Traffic Control Devices ("MUTCD"). Meinke claimed that he did not use his truck to block the approach to the bridge because if he did, his vehicle might be struck by another vehicle.

At 5:00 p.m. Meinke returned to the bridge to monitor the rising water, and if necessary, call for barricades. Meinke testified that he believed that motorists would turn away from the water because of the two "Watch for Water On Road" signs, the flood gauge, and the flashing lights on his truck. At about 7:00 p.m. the water had topped the road. Because the water was rising rapidly, at 7:15 p.m. Meinke ordered that barricades and road closed signs be brought to both sides of the bridge, but these did not arrive until after the incident.

Meinke then decided to warn nearby oil field workers of the danger of the rising water because they might attempt to drive on after it was unsafe to do so, and because the workers had been the subject of a helicopter evacuation one month before. Meinke had backed his pickup truck up to the oil field pad driveway, about 1,100 feet from the bridge, and had walked about 150 feet down the driveway when he heard Lucker's vehicle pass. He ran to this truck and drove back to the bridge in time to see Sally's car floating down the Middle Yegua and then sink beneath the water. Geoffrey sued the Department, and the case went to a jury trial.

Over the objection of Lucker, the trial court submitted to the jury a charge containing two questions concerning the emergency exception in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.055 (West, Westlaw through Ch. 49, 2017 R.S.). Respectively, these questions asked, "Was Texas Department of Transportation employee Paul reacting to an emergency situation in regard to flooding conditions existing

3

at the time of the accident?" and "Was the accident which is the subject of this suit proximately caused by the conscious indifference or reckless disregard of the safety of others on the part of Paul as an employee of the Texas Department of Transportation?" The jury answered these questions by finding that Paul was reacting to an emergency situation, and that the accident was not proximately caused by conscience indifference or reckless disregard on the part of the Department. *Id.* The jury also found that both Sally Lucker and the Department were negligent, assigning Sally Lucker 49% and the Department 51% responsibility.

After the verdict, both parties filed competing motions for the entry of a favorable final judgment. The Department filed a response to Lucker's motion, although Lucker did not respond to the Department's motion. The Department's motion for entry of a take nothing judgment was based on four independent grounds: (1) the emergency exception; (2) lack of any evidence that Lucker did not know of the danger; (3) lack of any evidence that the Department did not warn of the danger; and (4) no duty was owed because the condition was open and obvious.

Lucker's Amended Motion to Disregard Jury Findings addressed the first issue of the Department's motion regarding the emergency exception, but Lucker never filed a response to the other three issues raised by the Department's motion regarding: (1) Lucker's knowledge of the danger, (2) the Department's warning of the danger, and (3) the open and obvious nature of the danger. A hearing was held on both motions on April 22, 2016, and once again, while Lucker presented argument and authority regarding the emergency exception, he made no mention of the other three issues raised in the

4

Department's motion for a take-nothing judgment. The trial court then took both motions under advisement.

Lucker's motion was denied by way of a separate order of April 22, 2016. On that same day a final judgment was signed that specifically sustained the Department's motion for a take-nothing judgment without specifying the court's basis. This appeal followed.

## II. DISCUSSION

Lucker contends, in two issues, that the trial court erred in submitting the two questions mentioned above to the jury. The Department, in addition to arguing that it was proper to submit the questions, argues that Lucker has waived error on appeal. More specifically, the Department argues that we must affirm the judgment because Lucker did not address, in his brief on appeal, all four of the grounds upon which the final judgment was based. We agree with the Department regarding the waiver issue.

This is the relevant language the trial court utilized in the final judgment:

> Thereafter plaintiffs filed their Motion to Disregard Jury Findings, and an amendment thereto, and defendant filed its Motion of Defendant Texas Department of Transportation for Take Nothing Judgment or Dismissal with Prejudice, and Response to Plaintiffs' Motion to Disregard Jury Findings, and response to the amended motion filed by Plaintiff.

> After considering said filings, as well as argument of counsel, and on the basis of the jury's answers to such questions submitted, the Court is of the opinion that defendant's motion should be sustained, and that, on the merits, a take nothing judgment should be rendered in favor of the Defendant, Texas Department of Transportation.

When a trial court does not state its reasons for sustaining a dispositive motion, the opposing party has the burden of showing on appeal that the judgment cannot be sustained on any of the grounds stated in the motion. *See Fort Bend Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991); *Britton v. Tex. Dep't of Crim. Justice*, 95

S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Randall v. Walker*, No. 03-15-00317-CV, 2017 WL 1404727, at *2 (Tex. App.—Austin Apr. 13, 2017, no pet.); *Wolf v. City of Mission*, No. 13-12-00737-CV, 2013 WL 7864086 (Tex. App.—Corpus Christi Aug. 29, 2013, no pet.) (mem. op.).

When the Department filed its motion for a take-nothing judgment, it raised the emergency exception under the Texas Tort Claim Acts, and three other issues pertinent to Lucker's premises liability claim: (1) there was no evidence to indicate that Lucker did not have actual knowledge of the danger, *see State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (per curiam) (stating that lack of actual knowledge of danger is one essential element); (2) there was no evidence that the Department failed to adequately warn of the impending dangers, *see State v. Miguel,* 2 S.W.3d 249, 251 (Tex. 1999) (per curiam) (holding that signs that comply with the MUTCD constitute adequate warning as a matter of law); and (3) the Department owed no duty to Lucker because the water over the road was an open and obvious condition, *see Austin v. Kroger,* 465 S.W.3d 193, 203 (Tex. 2015) (finding there is no duty to warn of open and obvious conditions).

Lucker responded orally and in writing to the emergency exception issue, but Lucker never responded to the premises liability issues asserted, either below or on appeal. In a reply brief on appeal, Lucker argues that based on the language in the final judgment, the trial court granted the motion *only* based on the jury's answers concerning the emergency exception, and thus Lucker did not need to address the other issues. Lucker claims that even though the trial court "considered" the filings and arguments of counsel, the trial court only relied on the emergency exception. However, the Department points to the language in the final judgment stating that the trial court was granting its

6

motion based on the "filings, *as well as* argument of counsel, *and* on the basis of the jury's answers to such questions submitted." According to the Department, this sentence structure clearly suggests that the trial court relied not only on the jury's answers regarding the emergency exception, but also the argument of counsel and the filings, which included the Department's arguments concerning premise liability issues. We agree with the Department because we find the language of the final judgment to be clear.

The trial court mentions that it considered "filings, as well *as* argument of counsel, and on the basis of the jury's answers to such questions submitted" in deciding to grant the Department's motion. The final judgment even specifically mentions the Department's motion as one of the items considered by the trial court in reaching a final decision. In that motion, the Department stated four grounds upon which the motion could be supported. However, in the final judgment, the trial court did not specify upon which grounds the judgment was being granted. We cannot tell if the trial court found the emergency exception to apply or if the trial court found that there was no evidence on one or more of the elements of Lucker's premises liability claim. When the court does not specify which part of the motion is being sustained, the opposing party has the burden to discredit each ground asserted in the motion. *See Sbrusch*, 818 S.W.2d at 394. Lucker properly addresses the emergency exception on appeal but completely ignores the other three grounds asserted by the Department in its motion. Therefore, Lucker has waived his arguments concerning the other three grounds for sustaining the motion. *See id.* Accordingly, we must affirm the trial court's judgment if any of the grounds asserted by the Department in its motion would support the judgment. *See id.*

We find that all of the additional grounds asserted by the Department in its motion for entry of judgment would support the trial court's judgment. As stated in the jury charge submitted in the present case, Lucker was required to present evidence of each of the following four essential elements:

1) the water of the road posed an unreasonable risk of harm;

2) the Texas Department of Transportation had actual knowledge of the unreasonable risk of harm, if any, presented by said condition at the time and place of the accident;

3) Sally Lucker did not have actual knowledge of the danger presented by said condition at the time and place of the accident; and

4) the Texas Department of Transportation failed to exercise ordinary care to protect Sally Lucker from danger, by both failing to adequately warn her of any unreasonable risk of harm caused by said condition, and by failing to make that condition reasonably safe.

*See* TEX. CIV. PRAC. & REM CODE ANN. § 101.022 (West, Westlaw through Ch. 49, 2017 R.S.) (stating that the duty owed for a condition of property by a governmental unit is the duty owed to a licensee, unless there is a special defect); *see also State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (setting forth the duty owed to a licensee). The additional grounds asserted by the Department are of the type that could, if meritorious, support dismissing Lucker's claims. Thus, all of the grounds raised by the Department in its motion are independent grounds that could support the judgment. *See Britton v. Tex. Dept. of Criminal Justice*, 95 S.W.3d 676, 680 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

It was Lucker's burden to show that the judgment cannot be sustained on any of the independent grounds mentioned in the motion for entry of judgment. *See Sbrusch*, 818 S.W.2d at 394. However, Lucker did not meet his burden because he only challenged

8

one of the four grounds raised by the Department. Therefore, we are compelled to affirm the trial court's judgment. *See id.*; *Britton*, 95 S.W.3d at 680 ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment."); *see also Wolf,* 2013 WL 7864086, at *2 ("Even if we were to agree with the [plaintiffs] that the court retained plenary power, we would still be compelled to affirm the trial court's judgment because the [plaintiffs'] issue addresses only one of the three grounds for relief set forth by the [defendant] in its plea to the jurisdiction."). We overrule both of Lucker's issues.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of August, 2017.