**STATE of Texas, Appellant,**

v.

**Travis WOLLESEN and Susan Wollesen, Individually and on Behalf of the Estate of Catherine Wollesen, Deceased, Appellees.**

No. 03–01–00553–CV.

Court of Appeals of Texas, Austin.

Dec. 19, 2002.

Randall K. Hill, Assistant Attorney General, Austin, for appellant.

Michael D. Hudgins, Hudgins, Hudgins & Warrick, P.C., Chad Matthews, Sanes & Matthews, Houston, for appellees.

Before Justices KIDD, PATTERSON and PURYEAR.

DAVID PURYEAR, Justice.

The State appeals from a judgment based on a jury verdict in a wrongful death suit. On appeal, the State contends the trial court erred by giving an improper jury charge and by overruling its motion for judgment notwithstanding the verdict. We will affirm.

## BACKGROUND

On April 30, 1999, Catherine Wollesen was driving north on U.S. Highway 77 entering the City of Giddings. The Texas Department of Transportation ("TxDOT") had been conducting a seal coat job on a portion of U.S. 77 as part of a maintenance operation that day. Seal coating involves spreading gravel on top of hot, liquid asphalt to seal cracks in the road. TxDOT had erected warning signs in advance of the maintenance site. Specifically, there was a "Loose Gravel" sign and a "No Center Stripe" sign on the approach from the south, which was the direction Wollesen was traveling. A driver who was following Wollesen saw her car swerve out of control when she hit the loose gravel at the maintenance site. The same driver estimated that there was between one and two inches of gravel on the road at the maintenance site. Wollesen's car slid into the path of a south bound vehicle and was struck. Wollesen was paralyzed in the accident and died several days later due to spinal injuries she sustained.

## DISCUSSION

In its first issue, the State contends the trial court's jury charge was

improper because its definition of negligence with respect to TxDOT impinges on the State's sovereign immunity for discretionary actions. Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Whether a trial court has subject matter jurisdiction is a legal question that we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

 Sovereign immunity, unless waived, protects the state from lawsuits for damages. *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). The Texas Tort Claims Act ("Act") provides that the State waives its sovereign immunity for "personal injury and death so caused by a condition or use of ... real property if the governmental unit would, were it a private person, be liable to the claimant...." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 1997). Therefore, where death or injury results from a condition or use of real property, the state is liable to the degree that an individual would be liable to a claimant in a premises defect case. However, the Act has specified two situations where the state retains its immunity. *See* Tex. Prac. & Rem.Code Ann. §§ 101.056, 101.060. In addressing these two situations, the supreme court explained the scope of sovereign immunity in premises liability cases in *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999). It wrote:

> First, under section 101.056, the State preserves its immunity for an act "if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." Tex. Civ. Prac. & Rem.Code § 101.056(2). Thus, if the State's action is discretionary, it does not waive its immunity. *See State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994).

> Second, under section 101.060, the State does not waive its sovereign immunity for claims arising from "the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit." Tex. Civ. Prac. & Rem.Code § 101.060(a)(1). *Nevertheless, even if sign-placement decisions are discretionary, the State waives immunity for "the duty to warn of special defects such as excavations or roadway obstructions."* Tex. Civ. Prac. & Rem.Code § 101.060(c).

*Rodriguez*, 985 S.W.2d at 85 (emphasis added). Thus, regardless of whether the governmental act was discretionary, the State waives its immunity for the duty to warn of special defects. *Id.*

 Whether a condition is a special defect is a question of law. *State Dep't of Highways v. Payne*, 838 S.W.2d 235, 238 (Tex.1992). Special defects are road conditions of the same type and class as excavations or obstructions that "unexpectedly and physically impair a car's ability to travel on the road." *Rodriguez*, 985 S.W.2d at 85; Tex. Civ. Prac. & Rem.Code Ann. § 101.022(b) (West 1997). Like an excavation or obstruction, a roadway covered with an excessive amount of loose gravel is unexpected and difficult to navigate. In this case, as much as two inches of loose gravel covered the road and the one witness to the accident reported that Wollesen hit the gravel, tried to slow down, and quickly lost control of her car. Clearly, the presence of the loose gravel unexpectedly and physically impaired Wollesen's ability to travel on the road. At least one sister court has held loose gravel to be a special defect. *See Texas Dep't of Transp. v. O'Malley*, 28 S.W.3d 652, 657 (Tex.App.-Corpus Christi 2000, pet. denied). Additionally, the State does not

challenge the special defect characterization on appeal. For the above reasons, the trial court properly found that the loose gravel in this case was a special defect.

■ Where claims arise because of special defects, the governmental unit owes the plaintiff the same duty as that owed to an invitee by the owner or possessor of a private premises. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); *Payne*, 838 S.W.2d at 237. The duty owed to an invitee, and thus the duty the State owed to Wollesen, requires an owner to use ordinary care to protect an invitee from a dangerous condition of which the owner is, or reasonably should be, aware. *Id.*

■ Where the plaintiff is an invitee, the plaintiff must prove: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99–100 (Tex.2000); *Restatement (Second) of Torts* § 343 (1965). The supreme court translated the first three of these elements into a jury charge in *State v. Williams*, 940 S.W.2d 583, 584–85 (Tex. 1996), and the trial court here tracked the language in that jury charge verbatim. The court in *Williams* stated that when the plaintiff is an invitee the proper negligence instruction in a premises liability case is:

With respect to the condition of the premises, defendant was negligent if:

 a. the condition posed an unreasonable risk of harm;

 b. defendant knew or reasonably should have known of the danger; and

 c. defendant failed to exercise ordinary care to protect plaintiff from danger, by both failing to adequately warn plaintiff of the condition and failing to make that condition reasonably safe.

*Id.* The State objects to the inclusion of the modifier "adequately" in part c of the charge.

The *Williams* court reasoned that an owner could fulfill the duty to exercise *reasonable* care to reduce or eliminate the risk by either *adequately* warning the plaintiff of the condition or making the condition *reasonably* safe. *See id.* Thus, removing "adequately" from the jury charge removes the consideration of reasonableness that is an essential element of the defined duty. Conversely, the inclusion of "adequately" in the charge enables the jury to consider the reasonableness of the care exercised by the State in discharging its duty. *See CMH Homes*, 15 S.W.3d at 99–100; *Restatement (Second) of Torts* § 343. The jury was properly instructed to consider the adequacy of the warning signs; therefore, the State's first issue is overruled.

■ In its second and third issues, the State asserts the trial court erred in overruling its motion for judgment notwithstanding the verdict because there was no evidence of the inadequacy of the Loose Gravel sign or, if there was an inadequacy, there was no evidence that it proximately caused Wollesen's accident. In reviewing the evidence under a legal sufficiency point of error, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor and disregarding all evidence and inferences to the contrary. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285 (Tex.1998); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995). We will up-

hold the finding if there is more than a scintilla of evidence to support the finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). The evidence supporting a finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts proved in the particular case. *Burroughs Wellcome*, 907 S.W.2d at 499.

■ We will address the State's third issue first. In its third issue, the State claims there was no evidence of the inadequacy of the Loose Gravel sign. However, the Wollesens produced evidence showing the Loose Gravel sign was possibly defective in color, size, and placement, according to the Texas Manual on Uniform Traffic Control Devices ("manual"). Two witnesses testified that the Loose Gravel sign was yellow instead of orange, as mandated in the manual. Witnesses agreed that the sign measured thirty inches by thirty inches but disputed the classification of the road and thus, whether a larger sign was called for, according to the manual. Further, there was testimony that the sign was incorrectly placed in advance of the worksite—either too far in advance of the worksite or too close. These showings amount to more than a scintilla of evidence to support the jury finding that the sign was inadequate to warn of the hazard; therefore, we overrule the State's third issue.

■ In its second issue, the State claims that there was no evidence that the inadequacy of the warning sign, if any, proximately caused Wollesen's accident. Proximate cause incorporates two elements: foreseeability and cause in fact. *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 477 (Tex.1995). The test for foreseeability is whether a person of ordinary intelligence would have anticipated the danger his or her negligence creates. *Id.* at 478. As an element of proximate

cause, cause in fact means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred. *Id.* at 477. Proximate cause may be determined from circumstantial evidence. *Brown v. Goldstein*, 685 S.W.2d 640, 642 (Tex.1985).

■ Question One of the jury charge inquired, "Did the negligence, if any, of [the State of Texas] proximately cause the occurrence in question?" There was testimony suggesting there was too much gravel (as much as one to two inches) left on the road as well as evidence suggesting that the TxDOT crew did not properly check the site before leaving it for the night. There was evidence that the Loose Gravel sign was inadequate. Additionally, one eyewitness to the accident who had been driving behind Wollesen testified that he thought the excessive loose gravel on the road caused Wollesen to lose control of her car. This eyewitness also stated that he did not see a Loose Gravel sign on the day of the accident. Thus, the jury could have reasonably concluded that TxDOT was negligent in its posting of warning signs in advance of the worksite, that TxDOT was negligent in the amount of gravel it left on the roadway, that these two factors combined to cause Wollesen's accident and without which Wollesen would not have crashed, and finally, that TxDOT could have anticipated that its failure to properly warn of the hazard and its failure to sweep the excessive gravel off the road would cause an accident such as Wollesen's. Considering all the evidence presented at trial in the light most favorable to the Wollesens, we hold that there is more than a scintilla of evidence to support the jury's finding that the State's negligence proximately caused Wollesen's accident. The State's second issue is overruled.

## CONCLUSION

Having overruled all of the State's issues, we affirm the judgment of the trial court.