Opinion issued April 15, 2004.

 
 
 
 

 
 
 
 
 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00847-CV




PATRICIA ADLONG, Appellant

V.

SAN JACINTO METHODIST HOSPITAL, Appellee




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 00-52679




MEMORANDUM OPINIONIn this trip and fall premises liability suit, Patricia Adlong appeals a jury verdict
and judgment in favor of appellee San Jacinto Methodist Hospital (“Methodist”). We
conclude that (1) the trial court properly instructed the jury as to the duty a premises
owner owes to an invitee in a premises defect case; (2) Adlong did not establish
Methodist’s negligence as a matter of law; and (3) the jury’s failure to find Methodist
negligent is not against the great weight and preponderance of the evidence. We
therefore affirm.
Background
          In November 1999, while turning about in Methodist’s parking lot, Adlong
tripped, fell, and broke her arm. Adlong filed suit against Methodist, and sought
damages for personal injuries sustained when she fell. Adlong contended that a one-and-one-eighth-inch elevation along the pavement was an unreasonably dangerous
condition that Methodist knew, or should have known about, and for which it failed
to adequately warn or make reasonably safe. A jury found that Methodist did not
negligently cause Adlong’s injuries. The trial court rendered a take-nothing judgment
based on the jury’s verdict.
          Adlong contends that the trial court’s charge to the jury effectively constitutes
a charge that Methodist had no legal duty to reduce or eliminate the risk to her and
it was therefore legally incorrect. She further contends that the evidence presented
at trial establishes that she is entitled to judgment as a matter of law as to negligence,
or alternatively, that the jury’s verdict is against the great weight and preponderance
of the evidence.
The Jury Charge
          Adlong contends that the trial court gave the jury a “left-handed ‘no duty’
charge” that hybridizes licensee and invitee principles of law. Adlong concedes,
however, that the trial court’s instruction tracks that set forth in State v. Williams, 940
S.W.2d 583, 583-84 (Tex. 1996). In Williams, the Texas Supreme Court provides the
proper wording for a negligence instruction in a premises liability case in which the
plaintiff is an invitee. Adlong theorizes that, because the plaintiff in Williams was a
licensee as opposed to an invitee, “[t]he invitee issues were most likely never briefed
in those opinions such that statements about an invitee in those cases were not
soundly made, nor authorized by law,” and asks that we ignore the Texas Supreme
Court’s pronouncements as to invitees as dicta. Williams, however, expressly
provides the “proper instruction” for a premises liability case in which the plaintiff
is an invitee:
 
With respect to the condition of the premises, defendant was negligent
if--
a. the condition posed an unreasonable risk of harm;
b.defendant knew or reasonably should have known of the danger, 
and 
c.defendant failed to exercise ordinary care to protect plaintiff from
danger, by both failing to adequately warn plaintiff of the
condition and failing to make that condition reasonably safe.

Id. The trial court’s instruction in this case reads:
 
Did the negligence, if any, of those named below proximately cause the
injury in question?
With respect to the condition of the premises, San Jacinto Methodist
Hospital was negligent if— 
a.The condition posed an unreasonable risk of harm, and
b. San Jacinto Methodist Hospital knew or reasonably should
have known of the danger, and 
c. San Jacinto Methodist Hospital failed to exercise ordinary
care to protect Patricia Adlong from danger, by both failing
to adequately warn Patricia Adlong of the condition and
failing to make that condition reasonably safe.

          Answer “Yes” or “No” for each of the following:
          a.       Patricia Adlong
          b.       San Jacinto Methodist Hospital

Thus, the instruction follows that set forth in Williams. See Williams, 940 S.W.2d at
583-84. See also Comm. On Pattern Jury Charges, State Bar of Tex., Texas
Pattern Jury Charges - - Malpractice, Premises & Products PJC 66.4 (2002).



          In asking that we ignore Williams, Adlong fails to consider that we are duty-bound to “recognize and apply the Texas Supreme Court’s deliberate statement of the
law.” Lumpkin v. H&C Communications, Inc., 755 S.W.2d 538, 540 (Tex.
App.—Houston [1st Dist.] 1988, writ denied). In addition, since Williams, a number
of courts – including ours – have upheld instructions similar to the trial court’s
instruction in this case. See, e.g., Bill’s Dollar Store, Inc., v. Bean, 77 S.W.3d 367,
369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); State v. Wollesen, 93
S.W.3d 910, 914 (Tex. App.—Austin 2002, no pet.); Sugar Land Props., Inc. v.
Becnel, 26 S.W.3d 113, 119 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We hold
that the trial court properly instructed the jury as to the duty a premises owner owes
to an invitee.
Appellate Review of the Evidence

          Adlong attacks an adverse jury finding on an issue for which she bears the
burden of proof. She thus must demonstrate that the evidence conclusively
establishes, as a matter of law, all facts in support of the issue (for rendition), or
alternatively, that the jury’s adverse finding is against the great weight and
preponderance of the evidence (for remand). Vickery v. Vickery, 999 S.W.2d 342,
375 (Tex. 1999); Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). In reviewing
a claim that the evidence conclusively establishes liability as a matter of law, we
consider evidence and inferences supporting the jury’s finding, and ignore all
evidence and inferences to the contrary. Havner v. E-Z Mart Stores, Inc., 825 S.W.2d
456, 458 (Tex. 1992); Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989). In reviewing a claim that the verdict is against the great weight and
preponderance of the evidence, we consider and weigh all of the evidence, and may
set aside the verdict only if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). The jury may believe one witness and disbelieve
another, and it may resolve inconsistencies in any testimony. Eberle v. Adams, 73
S.W.3d 322, 327 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).
          To establish that Methodist’s negligence proximately caused her injuries,
Adlong must prove all of the following: (1) the condition of Methodist’s premises
posed an unreasonable risk of harm; (2) Methodist knew or reasonably should have
known of the danger; and (3) Methodist failed to exercise ordinary care to protect
Adlong from danger because it both failed to adequately warn of the condition and
failed to make that condition reasonably safe. Williams, 940 S.W.2d at 583-84.
          Adlong contends that the evidence establishes Methodist’s negligence as a
matter of law because: (1) the uneven parking lot surface violates standards set forth
by the American Society for Testing and Materials (“ASTM”); (2) Methodist built the
parking lot unevenly and did not explain why; (3) the painted yellow stripe along the
uneven surface did not constitute an adequate warning; (4) Methodist admitted that
it took no steps to reduce or eliminate the hazard; and (5) the testimony of
Methodist’s expert, Dr. Gamse, failed to rebut the ASTM violation and was
unreliable.
          Francisco Richard Vera, Methodist’s director of facility management, and Dr.
Beryl Gamse, Methodist’s parking construction expert, both testified for Methodist
regarding the condition of the parking lot where Adlong tripped and fell. Vera
testified that Methodist conducts monthly exterior safety inspections of the hospital
and its parking lots. Methodist inspected the area where Adlong tripped and fell eight
days before the accident. The inspection report indicated that Methodist’s parking
lot was in good condition. Vera testified that he was familiar with the premises, had
reviewed photographs of the accident location, and does not consider the area to be
unreasonably dangerous to visitors.
          Gamse, a parking lot designer, visited the scene three times, reviewed
Methodist’s parking lot inspection forms, and reviewed photographs of the scene. He
opined that the area where Adlong tripped and fell was not unreasonably dangerous. 
Methodist striped its parking lot with a color commonly referred to as “safety
yellow.” Gamse testified that although the elevation did not need to be striped, “it
can’t hurt to do something extra,” and if one viewed the elevation as a hazard, then
safety yellow is an appropriate color to warn of such a hazard. He testified that the
change in elevation at the edge of the parking lot is no different than the change in
elevation one would find at the end of a driveway. Gamse explained that the
difference in elevation might serve two purposes. First, the “lip” allows for an
asphalt overlay to be installed in the event that the paved parking lot begins to
deteriorate. Without this feature, if Methodist resurfaced its parking lot with asphalt,
the edges of the asphalt would have a “long feathered edge” that would easily break
apart and allow for water invasion, undermining the pavement’s support. Gamse also
explained that the elevation assists in drainage, and serves the same purpose as the
“lip” on a garage.
          On cross-examination, Gamse conceded that he was not involved in the
original design of the parking lot, and did not have personal knowledge of the reason
for the yellow stripe painted alongside the lip, nor that the uneven surface’s purpose
is drainage assistance. Though Gamse has designed parking lots, he never “left these
types of changes in elevation.” Gamse acknowledged that the area where Adlong
tripped and fell is the only location in the entire parking lot with “elevated parking.” 
He also admitted that although the construction standards for driveways allow for a
lip, he knew of no standard pertaining to the design of a parking lot with a lip. Gamse
persisted in his opinion, however, that Methodist’s parking lot did not constitute a
hazardous condition, and that Methodist exercised an abundance of caution by
painting the area with “safety yellow.” He described the design of the parking lot as
both necessary and useful.
          Jack T. Madely, Adlong’s expert, testified that Methodist’s parking lot should
have been constructed in accordance with American Standards for Testing and
Materials standards. He testified that ASTM standards require walking surfaces that
have a “sudden drop in elevation” to have a beveled slope or ramp to prevent sudden
changes in elevation. He ultimately opined that Methodist failed to make the
condition of its parking lot reasonably safe because “they failed to identify it as a
hazard . . . [and] that all the other safety professionals, the people who write the
literature all agree that it is a hazard.” Although Adlong presented evidence that the
condition of Methodist’s parking lot did not comply with ASTM standards, such
evidence does not conclusively establish a breach of the standard of care in this case. 
Rather, industry custom is admissible merely as evidence of compliance or non-compliance with the appropriate standard of care. See, e.g., Morris v. JTM Materials,
Inc., 78 S.W.3d 28, 50 (Tex. App.—Fort Worth 2002, no pet.) (compliance with
industry and statutory standards evidence of use of reasonable care, but not
dispositive of issue) (emphasis added); Wal-Mart Stores, Inc. v. Seale, 904 S.W.2d
718, 720 (Tex. App.—San Antonio 1995, no writ) (safety principles relevant to the
standard of care, but do not establish negligence per se); Kraus v. Alamo Nat’l Bank,
586 S.W.2d 202, 208 (Tex. Civ. App.—Waco 1979), affirmed on other grounds, 616
S.W.2d 908 (Tex. 1981) (non-compliance with OSHA regulations evidence of
negligence, but not conclusive proof).
          Although Adlong presented evidence inconsistent with the jury’s finding, the
jury is the sole judge of the credibility of the witnesses and the weight to be given to
their testimony. See generally Tex. R. Civ. P. 226a; Jones v. Tarrant Util. Co., 638
S.W.2d 862, 866 (Tex. 1982). The jury was therefore entitled to believe one witness
and disbelieve another, and to resolve inconsistencies in the testimony. Adams, 73
S.W.3d at 327. Our review of the evidence leads us to conclude that Adlong did not
conclusively establish that Methodist was negligent and thus Adlong is not entitled
to judgment as a matter of law. Moreover, the record contains evidence that the
condition of its premises did not pose an unreasonable risk of harm and that
Methodist painted a stripe that adequately warned of the condition. Thus, the jury’s
finding is not so against the great weight and preponderance of the evidence that its
verdict is clearly wrong and unjust. See Cain, 709 S.W.2d at 176.
Conclusion
          We conclude that the trial court properly instructed the jury, and that the
evidence presented is not conclusive proof of negligence as a matter of law. We
further conclude that the jury’s verdict is not against the great weight and
preponderance of the evidence. We therefore affirm the trial court’s judgment.
 
Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.