In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-402 CV


______________________


 

MONTGOMERY COUNTY PRECINCT 1
, Appellant



V.



NORMAN FRANK REED AND CASEY ALBINUS, Appellees






On Appeal from the 9th District Court 


Montgomery County, Texas


Trial Cause No.02-10-06962CV 






MEMORANDUM OPINION



 Norman Frank Reed and Casey Albinus sustained injuries when their vehicle crossed
through an intersection in Montgomery County and hit a tree. Claiming a stop sign had been
removed, they sued "Montgomery County Precinct 1" for negligence under the Tort Claims
Act. (1) In this interlocutory appeal, Montgomery County challenges the trial court's order
denying the County's no-evidence summary judgment motion asserting immunity from suit. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). (2) Sovereign
immunity from suit defeats a trial court's subject matter jurisdiction. See Tex. Dep't of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004). We reverse the trial court's
order and dismiss the action for lack of subject matter jurisdiction. 

 Appellees were traveling at night on Forest Road 224 when the roadway abruptly
ended without warning. Appellees' vehicle hit a tree. The police report indicated there was
no stop sign at the intersection at the time of the accident. Appellees alleged the presence
of loose gravel on the road and Montgomery County's failure to replace the missing stop sign
and post warning signs of the road's end proximately caused the accident. 

 The County argues the trial court erred in denying its summary judgment motion
because sovereign immunity bars appellees' cause of action. The County maintains there is
no evidence County employees removed the stop sign, and no evidence that the stop sign was
reported missing before the accident occurred. See Tex. Civ. Prac. & Rem. Code Ann. §
101.060(a)(2),(3) (Vernon 2005). Appellees argue sovereign immunity is waived, because
the County either removed the stop sign in question and failed to replace it, or the County
should have discovered the sign was missing. Appellee Reed testified he had seen County
trucks parked "[m]aybe 50 yards" from the intersection around 3:00 p.m. on the day of the
accident. Appellees also argue loose gravel on the roadway constituted a special defect, and
the County should have warned motorists of the defect. 

 Montgomery County's immunity from suit is waived to the extent "of liability
created" by the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §
101.025(a) (Vernon 2005). The Act waives Montgomery County's immunity for "personal
injury and death so caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant according to
Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). Section
101.060(a)(2) states that the Act does not apply to a claim arising from "the absence,
condition, or malfunction of a traffic or road sign, signal, or warning device unless the
absence, condition, or malfunction is not corrected by the responsible governmental unit
within a reasonable time after notice[.]" Section 101.060(a)(3) states the Act does not apply
to a claim arising from "the removal or destruction of a traffic or road sign, signal, or
warning device by a third person unless the governmental unit fails to correct the removal
or destruction within a reasonable time after actual notice[.]" Tex. Civ. Prac. & Rem. Code
Ann. § 101.060(a)(3) (Vernon 2005). 

 George Widener, road foreman for the precinct, testified the County was responsible
for maintaining the intersection. He testified to the earlier existence of the stop sign at the
intersection. The County placed limestone base on Forest Road 224 a few days before the
accident occurred. During this time, the County was adding culverts 700 to 800 feet from
the intersection where the stop sign was missing. According to Widener, the addition of the
limestone base would not require removal of a stop sign. As for the culvert work, he said it
did not require removal of the stop sign, because the culvert work was hundreds of feet from
the intersection. When presented with the hypothetical that replacement of a culvert required
temporary removal of the sign, Widener stated the sign would be replaced the same day. 
Appellees did not present any evidence Montgomery County or its employees removed the
stop sign from the intersection or had notice of its absence. Section 101.060(a)(2) does not
waive the County's immunity. 

 Section 101.060(a)(3) does not waive the County's immunity either. For Montgomery
County to have "actual notice" of the removal of the stop sign by a third-party, information
concerning the sign must be actually communicated to or obtained by an employee
responsible for acting on the information. See City of Dallas v. Donovan, 768 S.W.2d 905,
908 (Tex. App.--Dallas 1989, no writ); see also Martinez v. City of Lubbock, 993 S.W.2d
882, 886 (Tex. App.--Amarillo 1999, pet. denied). Although there is evidence County
employees added limestone base and culverts on Forest Road 224 a few days before the
accident, appellees have presented no evidence the County had actual knowledge of the
removal or destruction of the sign prior to the accident. Without this evidence, no fact issue
is raised regarding correction within a reasonable time. 

 Appellees maintain the County failed to post proper warning devices to warn motorists
of the end of the road way. Specifically, they complain of the lack of warning signs, lights,
chevrons, and reflectors. Widener testified the only warning device existing prior to the time
of the accident was the stop sign. 

 The Texas Tort Claims Act does not waive sovereign immunity for "the failure of a
governmental unit initially to place a traffic or road sign, signal, or warning device if the
failure is a result of discretionary action of the governmental unit." Tex. Civ. Prac. & Rem.
Code Ann. § 101.060(a)(1) (Vernon 2005); see also Tex. Civ. Prac. & Rem. Code Ann. §
101.056(2) (Vernon 2005); City of Grapevine v. Sipes, 195 S.W.3d 689, 694 (Tex. 2006);
Tex. Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002); State v. San Miguel, 2
S.W.3d 249, 251 (Tex. 1999). Appellees failed to show waiver of the County's immunity
under section 101.060(a)(1).

 Montgomery County challenges appellees' contention that the loose limestone rock
on the roadway amounted to a special defect. See Tex. Civ. Prac. & Rem. Code Ann. §
101.060(c). "A special defect is a condition of the same kind of class as 'excavations or
obstructions on highways, roads, or streets' that unexpectedly and physically impairs a
vehicle's ability to travel on the roadway, thus presenting 'an unusual and unexpected danger
to ordinary users of roadways.'" Harris County, Texas v. Estate of Ciccia, 125 S.W.3d 749,
753 (Tex. App.--Houston [1st Dist.] 2003, pet. denied)(quoting State v. Rodriguez, 985
S.W.2d 83, 85 (Tex. 1999)). Whether a condition is a special defect is a question of law. 
State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 238 (Tex. 1992). Where
a special defect exists, a governmental unit owes the plaintiff the same duty as that owed by
a private landowner to an invitee. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b) (Vernon
Supp. 2006); Payne, 838 S.W.2d at 237. The duty owed to an invitee requires an owner to
use ordinary care to protect an invitee from a dangerous condition of which the owner is, or
reasonably should be, aware. Id.

 In support of their special defect argument, appellees cite State v. Wollesen, 93
S.W.3d 910 (Tex. App.--Austin 2002, no pet.), and Texas Department of Transportation v. 
O'Malley, 28 S.W.3d 652 (Tex. App.--Corpus Christi 2000, pet. denied). In Wollesen, the
Austin Court of Appeals affirmed the trial court's determination that the loose gravel was a
special defect; a roadway covered with an excessive amount of loose gravel is unexpected
and difficult to navigate. Wollesen, 93 S.W.3d at 913-14. There, the State did not challenge
the special defect characterization and evidence showed as much as two inches of loose
gravel covered the road; one witness to the accident stated Wollesen hit the gravel, tried to
slow down, and quickly lost control of her car. In O'Malley, the Corpus Christi Court of
Appeals found a special defect where the evidence showed a 200-foot-long stretch of curved
roadway was covered with one-half cubic yard of loose gravel. O'Malley, 28 S.W.3d at 656. 
There was testimony in that case of an excessive amount of loose gravel and the unsafe
condition caused by the loose gravel. Id. 

 In this case, appellees presented no evidence of the amount of loose gravel on Forest
Road 224 at the time of the accident, nor have they shown that loose gravel, without evidence
of an excessive amount, is unexpected on a limestone-base rural road. Appellees failed to
show waiver of the County's immunity under Tex. Civ. Prac. & Rem. Code Ann. §
101.060(c) (Vernon 2005). 

 Appellant's issue is sustained. The trial court's order is reversed, and judgment is
rendered dismissing the cause for lack of jurisdiction.

 REVERSED AND RENDERED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on November 29, 2006

Opinion Delivered December 28, 2006


Before Gaultney, Kreger and Horton, J.J. 
1. Appellees also sued "XYZ Corporation," but no other defendant was served or made
an appearance.
2. Although Montgomery County filed a motion for summary judgment instead of a plea
to the jurisdiction, the County is entitled to an interlocutory appeal pursuant to section
51.014(a)(8) because the trial court denied the County's claim of no jurisdiction. See
Thomas v. Long, No. 03-0204, 2006 WL 1043429, at *4 (Tex. Apr. 21, 2006).