In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-049 CV


 ______________________


 

MAE EVELYN NUNLEY, Appellant



V.



TYLER COUNTY, TEXAS AND GARRY HANNIGAN,


INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY


AS SHERIFF OF TYLER COUNTY, TEXAS, Appellees






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 17763






MEMORANDUM OPINION


 Mae Evelyn Nunley, an inmate at the Tyler County Justice Center, appeals the trial
court's grant of summary judgment in favor of Tyler County and Garry Hannigan, the former
sheriff of Tyler County, Texas, now deceased. We affirm the trial court's judgment. 

 Nunley sued the defendants for injuries sustained when she slipped and fell on a wet
floor outside the shower stalls of the justice center. According to Nunley's petition, "The
shower stalls at the female housing of the justice center [were] known to collect water
outside the shower stall whenever a resident takes a bath. As a result of the water collection,
residents were subject to unreasonable risk of harm." The defendants filed a traditional
motion for summary judgment, and alleged that they owed Nunley the duty that a private
person owes to a licensee on private property. See Tex. Civ. Prac. & Rem. Code Ann. §
101.022(a) (Vernon Supp. 2006). The motion asserted Nunley had actual knowledge of the
alleged dangerous condition, and she was precluded from relief. The court granted the
motion for summary judgment. 

 We review the summary judgment de novo. Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). The movant carries the burden to establish there
existed no genuine issue of material fact and it is entitled to judgment as a matter of law. Id.
at 216. 

 In her first issue, Nunley argues that the alleged defect was a special defect because
the water on the floor obstructed the path from her room to the dining room. Nunley's
second issue alleges that she was an invitee because the County and the Sheriff invited her
to the justice center, she was not at the justice center for her own benefit, and she paid the
price for the use of the justice center with her freedom and liberty. Nunley argues that
appellees owed her the same duty a private person owes an invitee, and she was not required
to prove that she had no actual knowledge of the alleged dangerous condition. (1)

 Under the Texas Tort Claims Act, a governmental unit is liable for personal injury
caused by a condition or use of tangible or real property if the governmental unit would, if
it were a private person, be liable to the claimant under Texas law. Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2) (Vernon 2005). The standard of care in a premises defect case
under the Act depends on whether the claim arises from an ordinary premises defect or a
special defect. City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex. 1997). Whether a
condition is a special defect or an ordinary premises defect is a question of law. Id. 

 Nunley, an inmate, did not pay for the use of the premises. (2) See Tex. Civ. Prac. &
Rem. Code Ann. § 101.022(a). Generally, as contemplated by section 101.022, the invitee
status requires the claimant to make a specific payment for entry onto and the use of the
premises. See, e.g., State Dep't of Highways & Pub. Transp. v. Kitchen, 867 S.W.2d 784,
786-87 (Tex. 1993) (paying vehicle registration and licensing fees did not make claimants
invitees of the highway because such fees did not pay for the use of the highway); Simpson
v. Harris County, 951 S.W.2d 251, 252-53 (Tex. App.--Houston [14th Dist.] 1997, no writ)
(paying the filing fee in a divorce case does not pay for the use of the courthouse premises);
Mitchell v. City of Dallas, 855 S.W.2d 741, 747 (Tex. App.--Dallas 1993), aff'd, 870 S.W.2d
21 (Tex. 1994) (the payment of city taxes alone does not confer invitee status on park users);
Garcia v. State, 817 S.W.2d 741, 741-42, 743 (Tex. App.--San Antonio 1991, writ denied)
(the payment of general licensing fees and fuel taxes does not confer invitee status on public
roadways). Loss of freedom through involuntary confinement as an inmate is not the
equivalent of a payment for the use of premises under section 101.022. 

 Unless the alleged premises defect is a special defect under section 101.022(b), the
governmental unit owes a claimant the same duty a private person owes to a licensee on
private property. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a), (b). As we have
previously stated, "A special defect is distinguished by some unusual quality outside the
ordinary course of events." San Jacinto River Auth. v. Simmons, 167 S.W.3d 603, 609 (Tex.
App.--Beaumont 2005, no pet.). The alleged defect in this case is a slippery, wet floor. A
slippery floor condition is not a special defect. See Wigfall v. Tex. Dep't of Crim. Justice,
137 S.W.3d 268, 276 (Tex. App.--Houston [1st Dist.] 2004, no pet.) ("Numerous courts have
determined that a slippery floor condition constitutes an ordinary premise defect."). The
appellees owed Nunley the duty a private person owes to a licensee on private property. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). A premises owner owes a licensee a duty
not to injure the licensee by willful, wanton, or grossly negligent conduct, and to warn of, or
make reasonably safe, a dangerous condition the premises owner is aware of but the licensee
is not. Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003). When a licensee
has the same knowledge about the alleged dangerous condition as the premises owner, no
duty to the licensee exists. Id.

 In this case, it is undisputed Nunley knew water collected outside the shower stalls. 
In her discovery responses, Nunley indicated that "[w]ater had been known to collect outside
the shower stall of the female housing at the Tyler County Justice Center, whenever a female
inmate takes a bath. . . . As I passed the shower . . ., I slipped and fell on the water from the
shower, and suffered serious injuries." She explained that she and other inmates had made
several complaints to the County regarding the wet floor. 

 Nunley also argues that section 101.022 is unconstitutional because it conflicts with
the common law definitions of "licensee" and "invitee," but she does not explain what
constitutional provision has been violated or how any inconsistency with common law would
make the statute unconstitutional as applied in her case. See Tex. R. App. P. 38.1(h). Courts
have found the Texas Tort Claims Act to be constitutional as applied in other contexts. See,
e.g., Salvatierra v. VIA Metro. Transit Auth., 974 S.W.2d 179, 183-84 (Tex. App.--San
Antonio 1998, pet. denied) (open courts and equal protection); City of San Antonio v.
Winkenhower, 875 S.W.2d 388, 391-92 (Tex. App.--San Antonio 1994, writ denied) (open
courts and due process); Stout v. Grand Prairie Indep. Sch. Dist., 733 S.W.2d 290, 296-97
(Tex. App.--Dallas 1987, writ ref'd n.r.e.) (open courts, due process, and equal protection). 
 The record conclusively establishes Nunley had actual knowledge of the alleged
dangerous condition. The appellees were not required to warn her of the condition. See
Miller, 102 S.W.3d at 709 ("[A] licensor owes no duty to a licensee so long as the evidence
conclusively establishes the licensee perceived the alleged dangerous condition."). The trial
court did not err in granting the motion for summary judgment. We overrule Nunley's two
issues and affirm the trial court's judgment.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 


Submitted on March 22, 2007 

Opinion Delivered July 12, 2007 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The order granted summary judgment as to both defendants. Although Nunley
argues, in part, that the defendants' motion for summary judgment did not address
Hannigan's liability in his individual or official capacity, the only two issues she raises on
appeal assert error in classifying her as a licensee and treating the condition as an ordinary
premises defect. Nunley received notice of Hannigan's death but did not substitute
Hannigan's representative as a party. See Tex. R. Civ. P. 152, 154, 155. By proceeding
against Tyler County, Nunley, in effect, dropped her claim against Hannigan in his individual
capacity. See First Nat'l Bank in Dallas v. Hawn, 392 S.W.2d 377, 379 (Tex. Civ. App.--
Dallas 1965, writ ref'd n.r.e.); Tex. R. Civ. P. 152, 155. Generally, a suit against a
government employee in his official capacity is a suit against the governmental unit that
employs him. See Vela v. Rocha, 52 S.W.3d 398, 403 (Tex. App.-- Corpus Christi 2001, no
pet.); see also Tex. R. App. P. 7.2(a) (
governing the substitution of Hannigan's successor on
appeal). 
2. See Dang v. Tex. Dep't of Crim. Justice Inst. Div., No. 09-95-257 CV, 1996 WL
53905, at *1 (Tex. App.--Beaumont Feb. 8, 1996, no pet.) (not designated for
publication)(inmate did not pay for use of the premises).