In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00323-CV
_____

**ROBERT JAKE TAYLOR, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF ROY LYNN TAYLOR, Appellant**

**V.**

**SAN JACINTO RIVER AUTHORITY, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-06-07233-CV**

**MEMORANDUM OPINION**

Robert Jake Taylor, individually and as the executor of the estate of Roy Taylor, sued San Jacinto River Authority (SJRA) and other defendants seeking damages for injuries and the wrongful death of Roy Taylor after a boating accident on Lake Conroe. The trial court dismissed the claims against SJRA on its plea to the jurisdiction. Taylor presents two issues on appeal. First, Taylor asserts that he pleaded a claim that overcomes immunity considering the recreational use statute's

1

requirement that he allege and prove gross negligence.[1] Second, conditioned upon an affirmative conclusion on issue one, Taylor asserts that SJRA failed to produce evidence that conclusively negates an element of Taylor's premises liability claim. We affirm the judgment of the trial court.

## Background

On May 26, 2017, Decedent Roy Taylor was a passenger in a boat on Lake Conroe.[2] At approximately 1 a.m., the boat was involved in a collision, which ejected Roy and caused fatal injuries. Robert Jake Taylor, individually and as the executor of Roy's estate, sued SJRA and other defendants.

In his original petition, Taylor alleged the boat collided with a landmass bulkhead along the shoreline of the lake near the Diamondhead neighborhood. In addition to SJRA, Taylor sued the individuals who owned property adjacent to the bulkhead and the boat's driver. The claims against SJRA were limited to negligence, and specifically, Taylor alleged that as the owner/manager of the Diamondhead bulkhead on Lake Conroe, SJRA had the common-law and statutory duties to use ordinary care and breached those duties. He alleged SJRA was negligent in the following particulars:

---

[1] In his brief, Taylor limits his issue to a premises claim and does not assert a special defect. We address only the issue raised.

[2] For purposes of clarity, we refer to the decedent as "Roy."

a. Failing to warn persons of the presence and condition of the hazardous bulkhead;

b. Failing to warn persons of the presence and condition of the hazardous building materials, boulders or concrete near the bulkhead;

c. Failing to illuminate or provide adequate sound or other devices, to warn persons of the presence and condition of the hazardous bulkhead;

d. Failing to illuminate or provide adequate sound or other devices, to warn persons of the presence and condition of the hazardous building materials, boulders or concrete near the bulkhead;

e. Failing to mark, buoy, flag or provide any other warnings that the bulkhead was present, or that it extended so far out into the body of the lake[;]

f. Failing to warn boaters in the area that waters surrounding [and] adjacent to that bulkhead were so shallow that concrete, building materials or boulders were exposed;

g. Failing to maintain a safe environment;

h. Failing to correct, or require others to correct, such hazardous conditions;

i. Failing to exercise reasonable and prudent care under the circumstances;

j. Failing to warn of one or more dangerous conditions; and

k. Failing to implement, follow, and enforce proper safety procedures.

While Taylor did not make a claim for punitive damages against SJRA, he did plead for punitive damages against the other defendants.

SJRA filed a motion to dismiss and plea to the jurisdiction with exhibits asserting it was entitled to governmental immunity, and that Taylor failed to sufficiently plead a waiver of that immunity. SJRA contended that it did not construct, install, operate, or maintain the Diamondhead landmass or related bulkhead and cites as evidence the affidavit of District Manager Bret Raley. SJRA also asserted that the landmass bulkhead is an open and obvious mass of land that

3

rises from the waters of Lake Conroe and is easily observed. Finally, SJRA contended it had no notice or reason to believe the bulkhead was defective, and since Lake Conroe's creation, SJRA has not modified the Diamondhead landmass. Raley averred in his affidavit that SJRA had never received any complaints about the Diamondhead bulkhead or reports of any accidents or incidents involving the Diamondhead bulkhead prior to Roy's accident. Therefore, it had no reason to believe the bulkhead was defective.

SJRA argued that because the suit involved a governmental entity, Taylor must show on the face of the petition that the court has subject matter jurisdiction and failed to do so. SJRA asserted that Taylor did "not allege facts to demonstrate a viable, legally cognizable right to relief for the claims he alleges and, . . . to show a waiver of SJRA's immunity from suit for negligence under the Texas Tort Claims Act or the Recreational Use Statute." SJRA argued its duty was "not to injure [Roy] willfully, wantonly, or through gross negligence."

After SJRA filed its plea to the jurisdiction, Taylor amended his petition, claiming that in addition to colliding with the bulkhead landmass, the boat collided with a T-dock and building materials. Taylor added additional statutory provisions under which he argued SJRA is liable; however, the first amended petition still only

4

alleged ordinary negligence against SJRA. In his first amended petition, Taylor

alleged that SJRA was negligent in:

> a. Failing to warn persons of the presence and condition of the hazardous bulkhead and T-Dock;
> b. Failing to warn persons of the presence and condition of the hazardous building materials, boulders or concrete near the bulkhead and T-Dock;
> c. Failing to illuminate or provide adequate sound or other devices, to warn persons of the presence and condition of the hazardous bulkhead and T-Dock;
> d. Failing to illuminate or provide adequate sound or other devices, to warn persons of the presence and condition of the hazardous building materials, boulders or concrete near the bulkhead and T-Dock;
> e. Failing to mark, buoy, flag or provide any other warnings that the bulkhead and T-Dock were present, or that they extended so far out into the body of the lake;
> f. Failing to warn boaters in the area that waters surrounding and adjacent to that bulkhead and T-Dock were so shallow that concrete, building materials or boulders were exposed;
> g. Failing to maintain a safe environment;
> h. Failing to correct, or require others to correct, such hazardous conditions;
> i. Failing to exercise reasonable and prudent care under the circumstances;
> j. Failing to warn of one or more dangerous conditions; and
> k. Failing to implement, follow, and enforce proper safety procedures.

The first amended petition asserted SJRA was liable for "its negligence" under

the following statutory provisions:

> (i) Under Tex. Civ. Prac. & Rem. Code Section 101.021(1), in which SJRA is liable as a joint entity for the negligence of its employees;
> (ii) Under Tex. Civ. Prac. & Rem. Code Section 101.001(3), which covers SJRA as a water-improvement district, water-control-and-

5

improvement district, water-control-and-preservation district, freshwater-supply district, navigation district, or similar entity;

(iii) Under Tex. Civ. Prac. & Rem. Code Section 101.021(2), as owner, operator or manager of premises involved in the subject collision;

(iv) Under Tex. Civ. Prac. & Rem. Code Section 101.021(2), for a "special defect", as provided by state law (including but not limited to its liability under and (sic) agenc[y] theory, including joint enterprise);

(v) for SJRA's actions, or failing to act, in violation of its duties performed at an operational level, such as determining what warnings, illumination, signage or similar steps should be taken and is proper to warn or notify boaters and others in the area of the hazards in this area of its waterway;

(vi) Under Tex. Civ. Prac. & Rem. Code Section 101.0215(b), for claims arising under SJRA's proprietary functions;

(vii) Under Tex. Civ. Prac. & Rem. Code Section 101.021(1), for negligence arising from the use of motor-driven vehicles or equipment (such as GRAY'S boat);

(viii) Under Tex. Civ. Prac. & Rem. Code Section 101.021(2), for SJRA's negligence arising from the use or condition of tangible personal property and/or a condition of real property, since SJRA as a governmental unit would, were it a private person, be liable according to Texas law;

(ix) Under Tex. Civ. Prac. & Rem. Code Section 101.021(2) and 101.022(a), for premises liability and/or for the defective and/or unsafe conditions of real property, including one or more "special defects", in which event Plaintiffs are "invitees" as to such property and conditions, and that SJRA knew or should have known of such conditions, and that SJRA was the possessor of the waterway near the bulkhead and T-Dock, including the building materials and other obstructions extending at and above the surface of such waterway.

The trial court granted the plea to the jurisdiction and dismissed the suit against SJRA with prejudice. The trial court also severed the claims against SJRA, making the judgment final and appealable. Taylor filed a motion for new trial arguing his amended petition made it clear that SJRA's conduct amounted to gross

6

negligence, explaining that he only sought exemplary damages against the other defendants because the TTCA does not authorize exemplary damages against a governmental entity. The motion was overruled by operation of law. Taylor timely appealed.

## Standard of Review

A plea to the jurisdiction challenges the existence of subject-matter jurisdiction, which is a question of law. *See Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)); *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). We review *de novo* the trial court's ruling on a plea to the jurisdiction. *Suarez*, 465 S.W.3d at 632 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). If the pleadings are challenged, we consider the allegations in the plaintiff's favor to determine if they affirmatively alleged facts demonstrating the jurisdiction of the trial court to hear the case. *Miranda*, 133 S.W.3d at 226.

## Analysis

Governmental units are typically immune from suit. *Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006). In suits against governmental entities, that immunity deprives the courts of subject matter jurisdiction. *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act (TTCA) provides a limited waiver

7

of the state's immunity from suit as to certain tort claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (West 2019); *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). The TTCA waives immunity only "to the extent of liability created by [the Act]." Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a); *see also Suarez*, 465 S.W.3d at 632. It is undisputed that SJRA is a governmental unit as defined by the TTCA. *See San Jacinto River Authority v. Simmons*, 167 S.W.3d 603, 606 (Tex. App.—Beaumont 2005, no pet.); *Wickham v. San Jacinto River Authority*, 979 S.W.2d 876, 879 (Tex. App.—Beaumont 1998, pet denied) (referring to SJRA as a "[g]overnmental entity"). Under the TTCA, "a governmental unit is liable for 'personal injury and death so caused by a condition or use of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.'" *Suarez*, 465 S.W.3d at 632 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Shumake*, 199 S.W.3d at 283). In premises defect cases, the governmental unit owes "only the duty that a private person owes to a licensee on private property[.]" Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a).

When, as here, governmental property is open to the public for recreation, "the recreational use statute further limits the governmental unit's duty by classifying recreational users as trespassers and limiting liability for premises defects to claims involving gross negligence, malicious intent, or bad faith." *Suarez*, 465 S.W.3d at

8

632 (citing Tex. Civ. Prac. & Rem. Code § 75.002 (West 2017)); *City of Bellmead v. Torres*, 89 S.W.3d 611, 612 (Tex. 2002). The recreational use statute provides that "if a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises."[3] Tex. Civ. Prac. & Rem. Code Ann. § 75.002(f) (West 2017). Under the statute, a governmental unit only owes a duty to not injure "a trespasser willfully, wantonly or through gross negligence." *Id.* at § 75.007(b) (West Supp. 2018). The recreational use statute thereby elevates the burden of proof necessary to invoke the TTCA's statutory waiver. *Suarez*, 465 S.W.3d at 627 (citations omitted); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 75.003(d)–(g) (West 2017). Therefore, a governmental unit waives sovereign immunity from suit under the TTCA and the recreational use statute only if it acted with gross negligence. *Miranda*, 133 S.W.3d at 225. Gross negligence requires the governmental unit to be actually, subjectively aware of and consciously indifferent to an extreme risk of harm. *See Shumake* 199 S.W.3d at 288; *see also Suarez*, 465 S.W.3d at 633–34 (citing *Stephen F. Austin State Univ. v. Flynn*,

---

[3] The definition of "premises" encompasses water and buildings or structures "attached to or located on the" water. *See* Tex. Civ. Prac. & Rem. Code Ann. § 75.001(2) (West 2017). The statute also expressly designates "boating" as a recreational activity. *See id.* § 75.001(3)(D) (West 2017).

228 S.W.3d 653, 660 (Tex. 2007)). "[I]n other words, the plaintiff must show that the defendant knew about the peril, but [its] acts or omissions demonstrate that [it] did not care." *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex. 1999).

When, as here, a defendant's plea to the jurisdiction challenges the pleadings, we must determine if the plaintiff alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe a plaintiff's pleadings liberally, looking to the pleader's intent. *Id.* (citation omitted). In his first amended petition, filed after SJRA submitted its plea to the jurisdiction, Taylor alleged that SJRA "had common-law and statutory duties to use ordinary care" and that "SJRA negligently breached those duties and that negligence proximately caused" the injuries.[4] He asserted claims for premises liability and special defects. Taylor also alleged that SJRA "knew or should have known of such conditions[.]" He complained that SJRA failed to warn of the hazardous condition created by the bulkhead and T-dock.

---

[4] We note that Taylor had the opportunity to amend his petition after SJRA filed its plea to the jurisdiction. See *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004) (explaining that a plaintiff should be given an opportunity to amend if the pleadings do not contain incurable defects in jurisdiction).

To state a claim under the recreational use statute, Taylor must allege sufficient facts to establish that SJRA was grossly negligent. *See id.* at 230 (citations omitted). A plain reading of Taylor's first amended petition does not allege that SJRA was grossly negligent or acted wantonly, willfully, in bad faith or that an extreme degree of risk existed. Likewise, Taylor's first amended petition fails to allege facts that would show SJRA had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, or welfare of others. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West Supp. 2018); *Flynn*, 228 S.W.3d at 660. Taylor expressly made these allegations against several other defendants. Indeed, he complained the conduct of the other defendants "involved an extreme degree of risk" and that they "were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others" and such conduct constituted "gross negligence[.]" Taylor failed to include similar allegations as to SJRA in his original petition or his first amended original petition.

Taylor relies on *City of Texas v. Woodkins*; however, we find that case distinguishable. No. 14-15-01053-CV, 2017 WL 2367515, at *4 (Tex. App.—Houston [14th Dist.] May 31, 2017, no pet.) (mem. op.). In *Woodkins*, the Plaintiff alleged that the city was grossly negligent. Here, Taylor alleged only ordinary

11

negligence against SJRA and, with respect to knowledge asserted in his live pleading, that SJRA "knew or should have known." There is no allegation that SJRA had actual knowledge of any defect or unreasonably dangerous condition. Plaintiffs herein failed to make allegations of gross negligence or actual knowledge of an extreme degree of risk against SJRA.

Accepting the allegations in Taylor's amended petition as true and construing Taylor's pleading liberally, we conclude that he failed to invoke the trial court's jurisdiction by alleging SJRA engaged in conduct that rose to the level of gross negligence and would constitute a waiver of its governmental immunity from suit. *See City of Plano v. Homoky*, 294 S.W.3d 809, 817–18 (Tex. App.—Dallas 2009, no pet.) (noting that because plaintiff "does not state a claim in terms of gross negligence or present evidence raising a fact issue sufficient to waive the City's immunity under the recreational use statute and TTCA" plaintiff failed "to affirmatively demonstrate the trial court's jurisdiction"). We hold that, with respect to Taylor's negligence and premises defect claims, Taylor failed to allege sufficient facts to demonstrate the trial court's jurisdiction. Consequently, the trial court lacked subject-matter jurisdiction over Taylor's claims against SJRA. We overrule Taylor's first issue. Having done so, it is unnecessary for us to address his second issue.

## Conclusion

We conclude that Taylor failed to include allegations in his pleadings that would invoke the trial court's subject matter jurisdiction. Having overruled Taylor's issue, we hold that his pleadings fail to meet the requirements for a limited waiver of governmental immunity under the TTCA and recreational use statute. We affirm the trial court's order.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 30, 2019
Opinion Delivered August 8, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.